## RISDON V. DAVENPORT.

1.  Affirmative matter in a answer may be alleged "upon information and
    belief" with the same effect as in a complaint.

2.  The rule that a defendant cannot raise an issue by denying "knowledge
    or information sufficient to form a belief" concerning a fact of which
    the law charges him with knowledge has no application to affirmative
    matter in an answer.

3.  Where the law prescribes the manner in which a court or a special tri-
    bunal may acquire jurisdiction of subject matter or person, jurisdiction
    can be acquired in no other manner.

4.  A decision or judgment of a court or special tribunal without jurisdic-
    tion is void.

5.  If the commissioner of the general land office has power to vacate the
    entry of a pre-emptor, and cancel his final receipt, where the proofs
    upon which it was issued were regular and sufficient upon their face,

he can only exercise such power when acting judicially, and he can only act judicially upon persons and matters over which he has acquired jurisdiction in the manner prescribed by the law and rules of the interior department of the United States.

6. An answer which states that the defendant's mortgogor then duly qualified; entered a parcel of land then subject to such entry, as a pre-emption under the laws of the United States; settled upon it; made proofs regular and sufficient upon their face, which were accepted by the register and receiver of the local land office; paid for such land, and received a final receipt or certificate of purchase therefor, which he duly recorded in the proper register's office, which entry and receipt were afterwards attempted to be cancelled by the commissioner of the general land office without notice to said entryman or opportunity to be heard,—states a good defense to an action by a subsequent patentee to set aside a mortgage, executed prior to such attempted cancellation, by the entryman holding such final receipt or certificate of purchase.

(Syllabus by the court.    Opinion filed Jan. 17, 1894.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action to remove a cloud from title. From an order overruling a demurrer to the answer, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*F. Vollrath,* for appellant.

A party cannot raise an issue by denying knowledge or information sufficient to form a belief concerning facts which from their nature must be known to him, or of which he has ready and convenient means of knowing. Mills v. Jefferson, 20 Wis. 50; Goodell v. Blumer, 41 Wis. 436; Hathaway v. Baldwin, 17 Wis. 616; McLaughlin v. Alexander, 49 N. W. R. 99.

It was of no importance as against the defendant whether the local land office acted with or without jurisdiction. over the person of the defendant's guarantor. This is true, first, because of the general and inherent power of the land commissioner to supervise all public land matters and his general right to cancel entries for cause before the issuance of the patent. Secondly, because of the utter frailty of the mere equitable title the encumbrancer or purchaser acquires before

the issuance of the patent. Thirdly, because a purchaser or in-
cumbrancer who takes, before the issuance of the patent comes
in, in all respects *pendente lite.* Fourthly, because the rule
of *caveat emptor* applies with full rigor to cases of this charac-
ter.

The land commissioner has full and comprehensive powers
to order inquiries into any cases of alleged fraud. It is of no
importance in what manner he is advised of the commission or
existence of the fraud. He is a court of general jurisdiction
and every reasonable presumption must be indulged in favor of
his decision. Rev. Stat. § 441; Rev. Stat. § 453; Rev. Stat. §
2274; § 2262; Act Con. § 2; Randall v. Edart, 7 Minn. 450; Hos-
mer v. Wallace, 47 Cal. 461; Garland v. Winn, 20 How. 8; Lytle
v. State, 22 How. 193; Heirs v. Heirs, 18 How. 43. Until the
patent has been issued the commissioner s' supervision and con-
trol over land cases is full and complete,—his jurisdiction over
such cases is exclusive. Johnson v. Towsley, 13 Wall. 72; U.
S. v. Schurz, 102 U. S. 378; Quinby v. Conlan, 104 U. S. 420;
Wallace v. Hosmer, 47 Cal. 461; Randall v. Endert, 7 Dinn. 450.

The grantor who takes a deed or mortgage from the pre-
emptor before the issuance of a patent takes *pendente lite,* and
whatever rights he may acquire are acquired entirely subject
to what the commissioner may decide. Shepley v. Cowan, 1
Otto 330; Whittaker v. Railroad, 2 Copp Land Laws; Quinby
v. Conlan, 104 U. S. 420; Lee v. Johnson, 116 U. S. 48; Hos-
mer v. Wallace, 47 Cal. 461; Collins v. Smith, 57 Wis. 284; Vat-
tier v. Hinde, 7 Peters 271; Story's Eq. Jurrisp., §§ 405, 406,
407.

It is admitted by the pleadings and the commissioner so
found that the land in question was never settled upon or im-
proved under the entry of the defendant's grantor. The de-
fendant at his peril neglected to examine the land, and is there-
fore not an innocent purchaser. Frisbie v. Whitney, 9 Wall.
189; Yosemite Valley Case, 15 Wall. 77. He is chargeable with
notice of what he might have discovered with the exercise of

reasonable diligence. Bolles v. Chauncey, 8 Conn. 389; Story's Eq. Jurisp. § 400.

The identical matters presented by the answer were fully presented, discussed and decided upon the demurrer to the complaint and are therefore *res adjudicata.* Freeman on Judgments, § 267; Gould on Pleading, Chap. IX, § 43; Clearwater v. Meredith, 1 Wall. 25; Bouchard v. Dias, 3 Denio, 243.

*William A. Lynch,* for respondent.

The commissioner of the general land office is not a court of general jurisdiction; he is simply an administrative officer charged with the performance under the direction of the secretary of the interior with all executive duties appertaining to the survey and sale of the public lands, and clothed with a limited power of determining the rights of rival claimants on the public domain. §§ 2273, 2262, Rev. Stat.

A certificate of purchase issued in due form to a pre-emptor of land subject to entry under the pre emption laws, cannot be annulled and set aside by the land department for alleged fraud practiced in obtaining it. In such a case the government stands in no better position than an individual, and must seek redress in the courts. Rev. Stat. 2263; Myers v. Croft, 13 Wall. 291; Rev. Stat. 2273; Smith v. Ewing, 23 Fed. Rep. 741; Carroll v. Safford, 3 How. 460; Camp v. Smith, 2 Minn. 155; Cornelius v. Kessell, 58 Wis. 277; Brill v. Styles, 35 Ill. 309; Sillyman v. King, 36 Ia 207; Myers v. McCullough, 1 Ind. 339; Rogers v. Brent, 5 Gilm. 573; Johnson v. Townley, 13 Wall. 72. Arnold v. Crimes, 2 Ia. 7; U. S. v. White, 17 Fed. Rep. 561; Heirs v. Argenbright, 26 Ia. 495; Morton v. Blankenship, 5 Mo. 346.

A purchaser of land in good faith and for a valuable consideration from one who holds it under a pre-emptor's certificate of purchase, takes such land freed from fraud committed in obtaining such certificate. Fletcher v. Peck, 6 Cranch 133; Sonce v. Bruster, 2 Pick. 184; Deputy v. Stapleford, 19 Cal. 302; 2 Story Eq. Jur. § 1302; 2 Wash. Re. Prop. 597.

KELLAM, J.   This is an appeal from an order of the circuit court overruling a demurrer to the answer. The appellant, Risdon, brought the action to remove, as a cloud upon his title, a certain mortgage appearing to have been executed by one Morris Conway. Without attempting to fully set out the facts alleged in the complaint, the following are sufficient for an understanding of the plaintiff's alleged cause of action. It is averred that, while the land in question was yet a part of the public domain, it was entered and paid for, under the pre-emption laws of the United States, by some person to the plaintiff unknown, in the name of Morris Conway, who received from the receiver of the proper land office a duplicate receipt therefor; that the said Conway had never made any settlement upon or cultivated any part of said land, and that the testimony upon which said entry was made was false and fraudulent; that after the issuance of said receipt, the mortgage referred to was executed upon the land described in the receiver's receipt in the name of said Conway as mortgagor, and said respondent as mortgagee, and duly recorded; that, about 13 months after the date of said receipt and the date of said mortgage, appellant filed a contest against said Conway, and his said entry, upon the grounds already stated, and asking that the said entry be cancelled; that thereafter such "further proceedings were had in said contest that on the 20th day of February, 1882, the register and receiver of the United States land office at Mitchell, Dak. Ter., duly gave, made and entered a decision therein, canceling said entry of Conway, and declaring the same forfeited," etc.; that this decision was affirmed by the land commissioner, who also ordered that the appellant should have 30 days priority within which to file upon said land; that within said 30 days, and while said order was in force, said appellant did settle upon and improve said land as a homestead, made proof thereof, commuted said homestead, and received a final receipt therefor from the said land office; and that he afterwards received a patent therefor from the United States. It is then alleged that respondent is

proceeding to foreclose said mortgage. The court overruled a demurrer to this complaint, and the respondent, as defendant, answered. The answer denies many of the allegations of the complaint, and alleges affirmatively, though upon information and belief, that the service of the summons or notice of contest in the proceedings referred to in the complaint was made "by publication only, and in no other way or manner;" that the said Conway never appeared therein, in person or by attorney; and that no affidavit was ever made or filed by the said contestant to show that personal service of said notice could not be made. It is further alleged that one of the rules of practice in contest cases prescribed by the secretary of the interior, and then in force, is as follows: "Rule 12. Notice may be given by publication alone when it is shown by affidavit of the contestant, and by such other evidence as the register and receiver may require, that personal service cannot be made." The answer also pleaded certain facts as a counterclaim, which it is not necessary now to notice. The plaintiff demurred to this answer on the ground that it did not state a defense. The court overruled the demurrer, and the plaintiff appealed.

Appellant contends that respondent's allegation that the service of the contest notice was made in no other way than by publication, and that no affidavit was made and filed justifying such publication, was not an effective averment of such facts, because made upon his information and belief. This contention is plainly untenable. It is ordinarily held that a party cannot raise an issue by denying knowledge or information sufficient to form a belief concerning facts which, from their nature must be known to him, or which he has ready and convenient means of knowing. The cases cited by appellant are of this character But this is not such a case. The defendant here was not attempting to deny, and thus put in issue, a fact alleged by plaintiff, but was himself averring an affirmative fact. If it was in the nature of new matter, it would be deemed controverted, under Section 4933, Comp. Laws. And in such

case it could not harm the plaintiff or help the defendant until
the fact was proved by competent evidence; so that the form of
the averment was not material. Bailey Code Pl. 50; Iron
Works v. Smith, 4 Duer 362, 374. The complaint contained no
allegation concerning this fact. Whether or not it was defec-
tive on that account is a question not before us; but it is plain
that the allegation of the answer was not an attempted denial
of any allegation of the complaint, and it might properly be
made upon information and belief. Besides, whether Conway
was personally served or not, or whether an affidavit, if re-
quired, was actually made or not, were not facts of which re-
spondent could be supposed to have personal or positive knowl-
edge. Nor does it appear from either the complaint or the an-
swer that the records of the land office show that an affidavit
was made. Suppose it is a fact that the files and records of
the land office do not show that such affidavit ever was made,
and the respondent, deeming such affidavit essential, had de-
sired to take advantage of the fact, how could he, having no
personal knowledge in the premises, have pleaded the fact ex-
cept upon information and belief? In any view of the question
we are of the opinion that the allegation was proper in form.

For the purpose, then, of determining the question raised
by this demurrer, it must be taken as a fact that the only ser-
vice made upon Conway in the contest proceedings was by publi-
cation, and that no affidavit was made or filed showing that per-
sonal service could not be made. It is affirmatively alleged in
the answer that rule 12, prescribed by the secretary of the in-
terior, allowed service of contest notice by publication only
when it is shown by affidavit of the contestant, and other evi-
dence, that personal service cannot be made. Such a rule is
reasonable and right, and a contrary rule or practice would be
unreasonable and wrong. In this case the register and receiver
had decided, upon evidence which they had received and acted
upon, that Conway had so complied with the law as to entitle

him to this land, and, in pursuance of such decision, had, as the agents of the government, received from him full payment for it.   In a proceeding whose very object was to deprive him of it, he was entitled to notice and opportunity to defend his rights.   If it were shown that personal service of the notice was impracticable, then a substituted service by publication would be the next best thing that could be done, and therefore reasonable.   The answer alleges that no personal service was made, and no affidavit made or filed justifying service by publication, and that Conway in no manner appeared in such proceeding.   The result of these pleaded facts is that both the local land office and the commissioner of the general land office— it does not appear how the case got before the commissioner— undertook to investigate and adjudicate upon the right of Conway to this land, for which he held a receiver's receipt, without jurisdiction.   This they could not do; and upon such facts their decision, like that of a court without jurisdiction, would be void, and would be so held in a collateral proceeding.   This proposition with respect to courts is so thoroughly established as to require no supporting citations.   See 12 Amer. & Eng. Enc. Law, p. 311.   If courts clothed with full judicial powers can legally act only upon such persons and matters as have by proper process been brought under their jurisdiction, it cannot be that a quasi judicial officer can summarily dispose of vested rights without notice to the holder and opportunity to be heard.   Appellant argues that these officers, on account of the nature of their powers and duties, and the general control which they have over the matters of law which they have committed to them, should be regarded as courts of general jurisdiction, and, consequently, that every reasonable presumption should be indulged in to sustain their jurisdiction; but, even if this were so, there is no room for presumption here.   In such cases it is presumed, in the absence of evidence, that the facts existed which were necessary to confer jurisdiction; but such presumption cannot prevail against the established fact that they did

not exist. Appellant also contend that respondent, Davenport, is not in position to question the jurisdiction of the land office and commissioner; but, if their judgment were void for want of jurisdiction, it was no more binding upon Davenport than it was upon Conway. It did not bind anybody. This brings us to the question of the effect, if any, upon Conway's rights as they existed at the date of the mortgage of the patent subsequently issued to Risdon. It must be constantly kept in mind that we are dealing, not with the facts as stated in the complaint, or as they may ultimately appear upon the trial, but with the facts stated in the answer; for the question now is, would such facts, if true, present a defense to plaintiff's action to cancel the Davenport mortgage? The facts so stated are these: That while the land in question was public land, and subject to such entry, Conway entered the same under the pre-emption laws of the United States; that he afterwards made proof of his settlement and improvements thereon, paid for the land, and received the receiver's receipt or certificate of purchase therefor, and duly recorded the same in the proper register's office. Upon these facts Conway became the equitable owner of the land. Until the patent was issued to him, the government held the legal title as his trustee. Carroll v. Safford, 3 How. 461; Witherspoon v. Duncan, 4 Wall. 218; Cornelius v. Kessell, 128 U. S. 456, 9 Sup. Ct. 122. Such facts would give Conway a vested interest in the land, of which he could be divested only by a finding by a competent tribunal that such facts did not exist. Assuming, without so deciding, that the commissioner of the general land office was such competent tribunal, and that his decision, if the case were before him judicially, could not be attacked collaterally, still it remains that the case was not before him. Neither he nor the register and receiver could arbitrarily or voluntarily cancel Conway's entry. They could only do it when acting judicially, and they could only act judicially in a matter over which they had jurisdiction. To hold, upon the facts presented by the answer, that Conway's

entry was canceled by the letter of the commissioner, would be to hold that the commissioner could of his own motion, and without notice, where the proof showed compliance with the law, cancel the entry of any homesteader or pre-emptioner at any time before he received his patent. Upon the facts stated in the answer, Conway was the equitable owner of this land. He had entered it, settled upon and improved it, made proof of the same, and paid for it. This constituted him a purchaser; and until the finding of such facts, upon which the final receipt was issued, is judicially reversed, the government would have no interest in the land which it could convey to Risdon by patent. Simmonds v. Wagner, 101 U. S. 260; Wirth v. Branson, 98 U. S. 118. The facts stated in the answer, and which we are treating as true, would entitle Conway to a patent; and, when the right to a patent once becomes vested in a settler, it is equivalent, so far as the government is concerned, to a patent actually issued. Stark v. Starrs, 6 Wall. 402; Barney v. Dolph, 97 U. S. 656. In Cornelius v. Kessell, *supra*, one Davidson had entered the land in dispute, paid for it, and obtained the usual duplicate receipt therefor. The title, through mesne conveyances, passed to Kessell. The commissioner of the general land office, without notice to Davidson, canceled his entry. After such cancellation, one Puffer entered the land, and subsequently obtained a patent therefor. Cornelius claimed under this patent. The court held that, when Davidson thus entered and paid for the land, he acquired a vested interest therein, of which the commissioner could not arbitrarily deprive him. The supervisory power of the commissioner could "be exerted only when the entry was made upon false testimony, or without authority of law." In this case, whatever may be the real facts, those stated in the answer show a bona fide entry of, and payment for, this land by Conway, and an attempted cancellation of such entry by the commissioner of the general land office without jurisdiction, and consequently "without authority of law." In Perry v. O'Han-

lon, 11 Mo. 373, it was held that where the commissioner of the general land office had acted without authority in canceling a pre-emption entry, the cancellation would be held for naught in a state court.

One other question remains. Appellant insists that the questions raised by this demurrer to the answer are the same questions raised and passed upon by the court on the defendant's demurrer to the complaint, and are therefore *res judicata*. This cannot be. The question which we make controlling in this demurrer is not whether the commissioner is invested by law with power to cancel entries and final receipts, but whether, conceding the power, the facts stated in the answer have put him in position to exercise such power. The complaint did not state such facts. It only stated his decision. In deciding the demurrer to the complaint, the court may have acted upon the theory that, in the absence of a contrary showing, the existence of the jurisdictional facts would be presumed; but in this demurrer to the answer the court is not allowed to so presume, for the demurrer admits that they did not exist. For these reasons, and upon this theory, we are of the opinion that the answer stated a good defense to the cause of action set out in the complaint.

Appellant's counsel presents a very able and carefully prepared argument upon the mooted question of the legal value of a final receipt, and the power of the land office and the commissioner to cancel the entry and annul the receipt; but, so long as it remains conceded by the pleadings that they had no jurisdiction to do what it is alleged they did do, those questions in this case are only speculative, and do not require a decision. The order of the circuit court is affirmed, and the case remanded for further proceedings according to law.