(101 N. W. 320.)

---

W. S. CONRAD AND LIBBIE ROLL v. MINA ADLER AND CHARLES ADLER.

Opinion filed March 26, 1904.

**Pleading — Amendment.**

1. Under the facts narrated in the opinion, from which it appears that the complaint was amended three times during the progress of the trial, it is *held* that the trial court did not err in refusing the plaintiffs' further request for leave to amend after trial.

**In Ejectment Plaintiff Recovers on Strength of His Own, Not the Weakness of Defendant's Title.**

2. In actions of ejectment, or actions to determine adverse claims under section 5904, Rev. Codes 1899, the plaintiff must recover, if at all, upon the strength of his own title, and not because of the weakness of the defendant's.

**Same — Dismissal.**

3. In this case, the plaintiffs having failed to show any title or interest in the premises in controversy in themselves, judgment dismissing the action was proper.

Appeal from District Court, Nelson county; *Fisk, J.*

Action by W. S. Conrad and Libbie Roll against Mina Adler and Charles Adler. Judgment for defendants, and plaintiffs appeal.

Affirmed.

*G. A. Bangs* and *Robert A. Eaton,* for appellants.

At common law plaintiff had to allege and prove possession and ownership of fee to maintain suit to determine adverse claim; but statutes have enlarged the remedy of quieting title both as to plaintiffs and defendants. Holland v. Challen, 110 U. S. 15, 28 L. Ed. 52; Wehrman v. Conklin, 155 U. S. 314, 15 Sup. Ct. Rep. 129; O'Hara v. Parker, 39 Pac. 1004.

A legal title is unnecessary in many states. Force v. Stubbs, 59 N. W. 798. The common law rules as to ejectment, quia timet, and removal of a cloud have no place in the consideration of this case. Plaintiff need not "own the land." Pierce v. Felter, 53 Cal. 18; Stoddart v. Burge, 53 Cal. 394.

Plaintiff may maintain action against one whose title is weaker than his own, although such plaintiff's title is ever so defective. 17 Enc. Pl. & Pr. 362; Brenner v. Bigelow, 8 Kan. 496; Giltenan v. Lemert, 13 Kan. 476; Keokuk Ry. v. Lindley, 48 Ia. 11. If possession is asked, the holder of a paramount title will recover. Duffy v. Rafferty, 15 Kan. 9; Simpson v. Boring, 16 Kan. 248; Mooney v. Olsen, 21 Kan. 691; Hollenback v. Ess, 1 Pac. 275.

Possession, accompanied by claim of ownership, is evidence of fee title. Harland v. Eastman, 8 N. E. 810; Keith v. Keith, 104 Ill. 397; Barger v. Hobbs, 67 Ill. 592; Davis v. Easley, 13 Ill. 198; Recard v. Williams, 7 Wheat. 59; 5 L. Ed. 398; Wilder v. City, 12 Gil. 122.

The object of the action is to force an adverse claimant to establish or abandon his claim, not to try plaintiff's title. Steele v. Fish, 2 Minn. 153; Meighen v. Strong, 6 Minn. 11; Wilder v. City, 12 Gil. 122; Walton v. Perkins, 28 Minn. 415.

Defendant may deny plaintiff's title and put him to proof. If plaintiff fails the defendant obtains a dismissal of the suit; if he succeeds, defendant thereby becomes plaintiff. Walton v. Perkins, 28 Minn. 415.

The defendant may assert a counterclaim and demand affirmative relief. Eastman v. Linn, 20 Minn. 433.

When the defendant does this and prays judgment that his title be quieted, he waives the necessity of any proof of the statutory right to commence the action on the part of the plaintiff. Hooper v. Henry, 17 N. W. 476; Windom v. Schappel, 38 N. W. 757; Jellison v. Halloran, 42 N. W. 392; Burke v. Lacock's Successors, 42 N. W. 1016; Mitchell v. McFarland, 50 N. W. 610; Kipp v. Hagman, 75 N. W. 746; Palmer v. Yorks, 79 N. W. 587; 56 Ark. 93; 95 Ky. 581.

The answer of the defendant, Mina Adler, brings her within the rules. Lessee cannot deny his landlord's title. Stott v. Rutherford, 92 U. S. 107, 23 L. Ed. 486; O'Halloran v. Fitgerald, 71 Ill. 53; Hawes v. Shaw, 100 Mass. 187; Morrison v. Bassett, 26 Minn. 235; Newell on Ejectment, 593, 594.

Defendant must first deliver possession before trying title. Newell on Ejectment, 356; Bertram v. Cook, 32 Mich. 518; 6 N. W. 868; Towne v. Butterfield, 97 Mass. 105; Whiting v. Edmunds, 94 N. Y. 314.

A husband or wife entering land in subordination to the title of the owner, cannot acquire title through the possession of his or her consort. Bannon v. Brandon, 34 Pac. St. 263; 1 Am. & Eng. Enc. Law, 821; Frink v. Alsip, 49 Cal. 103; Davies v. Collins, 43 Fed. 31; Mitchell v. Murphy, 43 Fed. 425; Meier v. Meier, 105 Mo. 411; Oury v. Saunders, 77 Tex. 278; Hodgkin v. McVeigh, 10 S. E. 1065.

That the attempted sale to the state was ineffectual, even if the tax had been good, is shown by the absence of certificates of sale. Stewart v. Minneapolis & St. L. Ry. Co. 31 N. W. 351; Gilfillan v. Chatterton, 33 N. W. 35; Philbrook v. Smith, 41 N. W. 545.

*Guy C. H. Corliss,* for respondent.

Prior possession can be asserted in court without title only as against a tresspasser. 10 Am. & Eng. Enc. Law, ( 2d Ed.) 488.

In ejectment, or analogous action, chain of title must be shown back to original patentee, or that a grantor of plaintiff was in possession exercising acts of ownership. 10 Am. &. Eng. Enc. Law (2d Ed.) 484.

The record is no evidence of there being an original deed in the absence of the proper foundation. American Mortgage Co. v. Mouse River Live Stock Co., 10 N. D. 290, 86 N. W. 965.

Deed of attorney in fact must be made, signed and sealed in the name of his principal. See Mechem on Agency, sections 419, 425; 1 Am. & Eng. Enc. Law, (2d Ed.) 1036, 1041.

GLASPELL, District Judge. This action was brought to recover possession of lots 7, 8, 9, and 10, in block 19, village of Lakota, Nelson county , N. D., and damages for the withholding thereof. The complaint alleges that under a pretended tax deed the defendants took possession of the premises, and have ever since wrongfully withheld and detained the same. During such unlawful possession by defendants, the plaintiff Roll sold and conveyed by quitclaim deed her interest in said premises to plaintiff Conrad, and this suit is maintained by both said plaintiffs for the use and benefit of the plaintiff Conrad. The defendants pleaded title and possession in Mina Adler. During the progress of this cause the complaint was

amended three times, but the issue as above stated was substantially the original issue, and upon which the action was submitted and determined. After judgment, application was made for leave to amend the complaint, and to allege that the defendants, Mina Adler and Charles Adler, were and are husband and wife; that they came into possession of the premises by lease from plaintiff Roll to the defendant Charles Adler, and while in possession under such tenancy a tax deed was taken in the name of Mina Adler. It was urged that this application was made on the foundation of certain evidence introduced, and to conform the pleadings thereto. The case had been tried upon the theory that the defendants were in adverse possession under color of a tax deed, and the application, coming after several attempts at amendment before trial, and after trial and judgment, and stating a new and distinct cause of action separate and different from that first stated, and upon which the cause was tried, it was properly denied by the trial court. The cause was tried in the district court without a jury, and the seventh finding of fact recites: "That the evidence fails to show that either of the plaintiffs is the owner of or has any interest in the premises described in the complaint herein, or any part thereof." The eighth finding recites: "That the defendant Mina Adler is in possession of said premises under a claim of title under tax deeds issued to her on July 23, 1894, and that said defendant took possession of said property under the said deeds as alleged in the complaint herein, but the validity of such tax deeds is not adjudicated in this case."

It is admitted in the complaint and shown in the evidence that the defendant Mina Adler took possession of the premises and holds the same under tax deeds. The validity of such tax deeds was not determined in the district court, to which no complaint is made by the defendants. Some evidence was introduced by way of attack upon the validity of the tax proceedings, but the district court held that plaintiffs should first establish a title in Libbie Roll before she could recover in this action. Whether this is an action in ejectment, or to determine adverse claims as provided in section 5904, Rev. Codes N. D. of 1899, as amended by chapter 5, p. 9, Laws 1901, the plaintiff must rely upon her own title, estate, lien, or incumbrance. The plaintiff must have some title, either legal or equitable, under the general rule that she must recover, if at all, upon the strength of her own title, and not because of the weakness of that of the defendants. See cases cited in 17 Enc. Pl. & Pr. p. 300.

There is no question here of the possession of plaintiffs. On the contrary, the complaint alleges, and the evidence shows, that the defendants have been in possession under a claim of title ever since February 1894. The plaintiffs allege and attempted to prove that Libbie Roll was at all such times the owner in fee simple and entitled to the immediate possession of the premises in controversy. The trial court held that the evidence failed to show that either of the plaintiffs is the owner of or has any interest in the premises described in the complaint, or any part thereof. As above stated, the plaintiffs attempted to show a title from the government to Libbie Roll, and submitted the cause upon that question alone. We agree with the district court that such attempt met with complete failure. It seems unnecessary to review the evidence upon this point. The deed from plaintiff Roll to plaintiff Conrad being void under the statute (Rev. Codes, section 7002) because of defendants' adverse possession, this action cannot be maintained unless title to the plaintiff Roll is established. Galbraith v. Paine, 12 N. D. 164, 96 N. W. 258; Schneller v. Plankington, 12 N. D. 561, 98 N. W. 77. The record of certain deeds was offered in evidence without laying any foundation or making any showing that the originals were not in possession of plaintiffs, and, since all such evidence was met with proper objection, it cannot be considered. Rev. Codes 1899, section 5696; American Mortgage Co. v. Mouse River Live Stock Co. (N. D.) 86 N. W. 965. But should such evidence be considered, there is a break in the chain of title, a link missing, in that title appears at one time in one Joseph Gardepie, and the next grantor is one James Howard, whose authority for such conveyance nowhere appears. Counsel for appellants virtually admit that title has not been shown in the plaintiffs, but claim to recover because it was alleged and proven that plaintiff Roll was in possession of the premises before and up to December, 1890, and claiming the ownership thereof. As we have seen, the plaintiffs, who are out of possession bring this action to recover possession from the defendants, who are in present possession and claiming ownership. Under such circumstances the plaintiff must rely upon her own title or interest in the premises, and, having failed in showing any such interest or title in herself, she has no right to call upon the defendants to defend their title or possession. San Francisco v. Ellis, 54 Cal. 72; Walton v. Perkins, 28 Minn. 413, 10 N. W. 424.

In conclusion, we agree with the trial court that the plaintiffs have failed to show any title or interest in the premises, and that the action must be dismissed. The judgment of the district court is affirmed. All concur.

COCHRANE, J., having been of counsel, took no part in the above decision; Judge GLASPELL, of the Fifth judicial district, sitting in his place by request.
(100 N. W. 722.)