## HARMON v. GOGGINS *et al.*

1. On an issue as to whether plaintiff or defendant was the owner of certain real estate in fee simple, assignments of mortgages on the property to plaintiff were properly excluded as not relevant to the issue.

2. Where, in an action to determine whether plaintiff or defendant was the owner of certain land in fee simple, the parties did not claim title from the same grantor, and the plaintiff was not in possession and failed to connect himself with the paramount title, and defendant was in actual possession, a judgment in favor of defendant was proper.

(Opinion filed December 21, 1904.)

Appeal from circuit court, Clark county; Hon JULIAN BENNETT, Judge.

Action by Charles Harmon against John Goggins and another. From a judgment in favor of defendants plaintiff appeals. Affirmed.

*C. G. Sherwood* and *F. E. Strawder*, for appellant.

*S. A. Keenan*, for respondents.

HANEY, J. This action was brought to determine adverse claims to certain real property of which the plaintiff and defendant Goggins each claimed to be the owner in fee. The court below decided in favor of the latter, and the former appealed.

A deed from one John W. Martin to the plaintiff, duly executed, acknowledged, and recorded, whereby, in consideration of the sum of $1, the former did "grant, bargain, sell, remise, release, and convey" the premises to the latter, "his heirs and assigns forever," was offered by the plaintiff and received in evidence.  An assignment, duly executed, acknowledged, and recorded, from the Dakota Loan & Trust Company to Elizabeth H. Hanson, of "a certain mortgage bearing date the 1st day of November, A. D. 1887, made and executed by Charles H. Strathman, Jr., single, mortgagor, to the Dakota Loan and Trust Company of Watertown, Dakota, mortgagee, and recorded in the office of the register of deeds in and for the county of Clark and territory of Dakota, in book H of mortgages, on page 270, with all and singular the premises therein mentioned and described," and an assignment, duly executed, acknowledged, and recorded, from Elizabeth H. Hanson to the plaintiff, describing the same mortgage, were offered in evidence by the plaintiff, to which defendants objected as "incompetent and inadmissible under the pleadings," which objection was sustained.  No other evidence in support of plaintiff's alleged claim of title was received or offered.  Defendants introduced a tax deed purporting to convey the premises to defendant Goggins, recorded more than three years before this action was commenced, and testimony tending to prove that Goggins, through tenants, was in actual occupancy of the premises, and had been thus in possession since the tax deed was issued. Certain offers of evidence on the part of the plaintiff, intended to disclose defects in the tax title, were rejected, which, however, need not be considered, in view of the plaintiff's failure to prove either title, or possession from which title might have been presumed.

The mortgage assignments were properly excluded, having no relevancy to the issue of ownership in fee tendered by plaintiff's complaint. Hence there was nothing to warrant the court in finding that the plaintiff had any interest in or claim upon the property. The rules of evidence applicable to actions involving adverse claims to real property received careful attention in Weeks v. Cranmer, 17 S. D. 173, 95 N. W. 876; ld., 101 N. W. 32. In the first decision the court said: "It seems to be well settled that a party alleging title in fee simple in himself, when denied by the answer, must show a chain of title from the paramount source, unless it clearly appears by the pleadings that both parties claim from the same common grantor. Such is the rule in actions for the recovery of real property, formerly known as 'actions of ejectment,' and we see no reason why the same rule should not be applied to actions to quiet title. 2 Greenl. on Ev. § 304; Miller v. L. I. R. Co., 71 N. Y. 380." On rehearing, the subject of actual possession as prima facie evidence of title was considered. Each decision is consistent with the other, though based on a different supposed state of facts, and each correctly determines the law applicable to the case at bar. As it does not appear that the parties claimed title from the same grantor, as the plaintiff was not in possession and failed to connect himself with the paramount title, and as defendants were in actual possession, the learned circuit court was clearly right in concluding that the defendant Goggins owns the premises in fee, that he is entitled to possession, that plaintiff is not entitled to possession, and that Goggins should have title quieted in him as against the plaintiff, and all persons claiming through or under the latter. Its judgment is affirmed.