## MORSE v. PICKLER et al.

After final proof and payment for public lands, the government, in the absence of fraud or mistake, merely holds the legal title as trustee, and the entryman becomes the equitable owner.

An action to quiet title or to determine adverse claims to real property may be maintained by a person having an estate or interest in land, either legal or equitable.

In a suit to determine adverse claims to real property, plaintiff must recover, if at all, on the strength of his own title, so that failure to show ownership is fatal.

In a suit to determine adverse claims to real property, it is not necessary that heirship be established by the record and findings of the probate court; but it may be proved by parol.

An affidavit for service by publication, failing to show that any inquiry had been made to ascertain defendant's residence outside the state, was insufficient.

While plaintiff's prior grantor of land was residing outside the state, the land was sold for taxes and tax deeds issued, under which defendant claimed. Plaintiff brought suit to determine adverse claims, merely alleging that he was the owner, and that defendant wrongfully and without right claimed some interest therein adverse to plaintiff. Defendant answered, setting up title under such tax deeds and also a judgment, purporting to divest title out of plaintiff's prior grantor, based on service by publication, to which plaintiff replied, claiming that such judgment was void, because the affidavit for publication on which the judgment was rendered was insufficient. **Held,** that plaintiff's complaint was sufficient to remove whatever clouds on title in favor of defendant might be set up in their answer, including the judgment establishing title in defendant, and that such reply was therefore a direct and not a collateral attack on the judgment.

(Opinion field, February 14, 1912.)

Appeal from Circuit Court, Faulk County. Hon. J. H. Bot-Tum, Judge.

Action by Albert W. Morse against Alice M. A. Pickler and others to determine adverse claim to real property. Julgment for plaintiff, and defendants appeal. Affirmed.

*, Frank Turner* and *F. E. Snider,* for appellants.

In an action brought under Chapter 29 of the Code of Civil Procedure of this state, and the plaintiff must recover, if at all, upon the strength of his own title, without reference to the weakness of the title of the defendants. Conrad v. Adler, 100 N. W. .722; Brown v. Comonow, 114 N. W. 728.

*W. F. Mason* and *D. H. Latham,* for respondent.

The record in the register's office of receiver's receipt issued to Ingerid O. Markoe was received without objection; and as the officer who issued the same must be presumed to have done his duty, was prima facie evidence of performance on the part of Markoe of all conditions precedent to his right to receive the same, including payment of purchase price. This proof established that he thereby became the equitable owner of the land. And that until patent was issued to him, the government held the legal title as his trustee. Risden v. Davenport, 4 S. D. 555; Carroll v. Safford, 3 How. 461; Witherspoon v. Duncan, 4 Wall. 218; Cornelius v. Kessell, 128 U. S. 456. The equitable title acquired at the time the receiver's receipt was issued, was ample to enable Markoe

and his successors in interest to maintain this action to determine conflicting claims to vacant and unoccupied real estate. Such an action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim. Sec. 675, Rev. Code of Civ. Proc. Under the statutes in force at the time the attempted service by publication was made, service by publication could only be made pursuant to an order based upon an affidavit whereby certain facts were made to appear to the court; and an order did not became complete and effective as such until filed and attested by the clerk. Sections 4898, 4900 Complied Laws; Section 2 of Chapter 166 Session Laws 1901; Barber et al. v. Morris et al., 37 Minn. 194; Atkins v. Atkins, 9 Neb. 191; McGavock v. Pollock, 13 Neb. 535; Murphy v. Lyons, 28 N. W. 328. In all cases of constructive service, all the material requirements of the statute must appear on the face of the record to render the judgment valid. The reason is that the process of the court cannot lawfully extend beyond the limits of the state into another jurisdiction; therefore, unless the record shows an appearance of the defendant, it must show how the jurisdiction was acquired. Atkins v. Atkins, 9 Neb. 191; Whaley v. Carter, 1 Dak. 504; Beach v. Beach, 6 Dak. 371; Coughran v. Markley, 15 S. D. 37; Bothell v. Hoelworth, 10 S. D. 491, 231; Plummer v. Blair, 12 S. D. 23.

McCOY, J. On April 2, 1886, one Ingerid O. Markoe made final proof and payment under government homestead entry for a quarter section of land in Faulk county. Thereafter, on May 7, 1891, one Edith Sharpless, through mesne conveyances from said Markoe, became the owner of said land, and on the 18th day of November, 1902, the said Edith Sharpless died intestate at West Chester, in the state of Pennsylvania, leaving three sisters and two brothers as her only surviving heirs. No administration of her estate was ever had. On January 26, 1909, the said brothers and sisters of said Edith Sharpless joined in a quitclaim of said land to the plaintiff, who brings this action to determine adverse claims under the statute. The defendants answered by general denial, and for further answer allege that Alice M. A. Pickler and L. A.

Frad are owners in fee of said land through tax deeds issued by the county treasurer of Faulk county to certain grantors of defendants, and through certain other tax deeds issued directly to them. The defendants further answer by way of counterclaim that one Carpenter, a former owner of said land in defendant's chain of title, brought an action to determine adverse claims, in the circuit court of Faulk county, against the said Edith Sharpless, in which action the defendant, Edith Sharpless, made default, and judgment was entered therein against her in February, 1902, adjudging and decreeing that said plaintiff, Carpenter, was the owner of said land, and defendants herein pleaded said judgment as a bar against plaintiff's alleged title. Plaintiff replied, alleging that said Carpenter judgment was void for want of jurisdiction to render the same. On the trial, findings and judgment were in favor of plaintiff, and defendants appeal.

Appellant's contentions are: (1) That there is no evidence that the United States government ever parted with its title to the premises of Ingerid O. Markoe, grantor in plaintiff's chain of title. (2) That the court erred in receiving oral evidence of the names and relationship of the persons who, it is claimed, are the only heirs of Edith Sharpless, deceased; that she was unmarried and had no offspring, and that her parents were deceased. (3) That the trial court erred in holding that the circuit court of Faulk county did not acquire jurisdiction in the action in the circuit court of Faulk county, S. D., wherein H. M. Carpenter was plaintiff and Edith Sharpless was defendant.

[1] Appellants' first contention is that the receiver's receipt for final proof and payment to the United States Land Office is not evidence of title; that the legal title to public lands remains in the government until the patent issues, and that the receiver's final receipt vests no title in the holder thereof. It is the contention of appellants that final proof and payment and such receipt do not vest in Markoe a sufficient title to maintain this action. It is conceded that whatever title accrued to Markoe by final proof and payment has been transferred by regular conveyances to the plaintiff, Morse. It has been many times held that

after final proof and payment for public lands, in the absence of fraud or mistake, the government merely holds the legal title as trustee; and that the entryman becomes the equitable owner of the land. Risdon v. Davenport, 4 S. D. 555, 57 N. W. 482; Carroll v. Safford, 3 How. 463, 11 L. Ed. 671; Withersponn v. Duncan, 4. Wall. 218, 18 L. Ed. 339; Cornelius v. Kessel, 128 U. S. 456, 9 Sup. Ct. 122; Weeks v. White, 41 Kan. 569, 21 Pac. 600; Kinney v. Degman, 12 Neb. 237, 11 N. W. 318; Bullock v. Wilson, 2. Port. (Ala.) 436; Gill v. Taylor, 3 Port. (Ala.) 182; McDonald v. Edmunds, 44 Cal. 328; Witcher v. Conklin, 84 Cal. 499, 24 Pac. 302.

[2, 3] An action to quiet title may be maintained by any person having an estate or interest in land, either legal or equitable. Dalrymple v. Sec. Loan & Trust Co., 9 N. D. 306, 83 N. W. 245; Tuffree v. Polhemus, 108 Cal. 670, 41 Pac. 806. Of course, it must be conceded that in an action to determine adverse claims the plaintiff must recover upon the strength of his own title, and that a failure to show ownership will be fatal to plaintiff's action. Harmon v. Goggins, 19 S. D. 34, 101 N. W. 1088; Weeks v. Cranmer, 18 S. D. 441, 101 N. W. 32; Conrad v. Adner, 13 N. D. 199, 100 N. W. 722. Appellants' contention appears to be, not that there is no evidence to sustain the finding of the trial court, but that the evidence in the record is incompetent to establish title. The views above expressed are necessarily adverse to this contention.

[4] Appellants' contention, that, in an action to determine adverse claims to real property, where title is derived through heirship, no evidence is competent to establish heirship, except the record and findings of the probate court, is not sustained by any citation of authority, and is without merit.

[5] At the trial, in support of the allegations of the answer, defendants offered in evidence the record of an action in which H. M. Carpenter, a former owner in defendant's chain of title, was plaintiff, and Edith Sharpless, through whom the plaintiff claims title, was defendant. In that action, Edith Sharpless made default, and a judgment was entered establishing Carpenter's title

as against her, and barring her adverse claims. Service on Edith Sharpless was had by publication of the summons, pursuant to an order of the court, and the order and affidavits for publication were attached to the record offered in evidence by defendants. It is the contention of respondent that, because of certain alleged defects in the affidavits for publication and in the order, and because neither the order nor affidavits were filed until after publication, the judgment attempting to adjudicate the rights of H. M. Carpenter as against Edith Sharpless was wholly void, and may be attacked in this action. Appellants contend that any attempt to review the alleged defects in the affidavits for publication constitutes a collateral attack upon the judgment, and that upon a collateral attack neither the affidavits, order, nor filing marks constitute any part of the judgment roll, and should not have been considered by the trial court. We are of the opinion that the contention of appellants is not tenable.

From the record it appears that plaintiff, as the successor of Edith Sharpless, brought this action against the defendants, as successors in interest of H. M. Carpenter, to quiet title to certain lands situated in Faulk county. Among the various answers set up by defendants is a counterclaim, whereby defendants claim title in themselves under a certain domestic judgment rendered by the circuit court of Faulk county in favor of said Carpenter, wherein the said Carpenter was adjudged and decreed to be the absolute owner of said premises, and the said Sharpless was decreed to have no interest or title therein, and said title to the land in question was quieted in Carpenter. The summons was attempted to be served by publication in 1901. The judgment recited that due service of the summons had been made upon Edith Sharpless. The affidavit for publication is defective, and not sufficient to bring into exercise the judicial function, or to confer jurisdiction upon the court to order publication of the summons, in that said affidavit nowhere, in any manner whatsoever, shows any diligence to ascertain the place of residence of said Edith Sharpless outside the state of South Dakota. The affidavit shows that some inquiry was made to ascertain her place of residence

within the state of South Dakota; but no inquiry whatever is shown to have been made to ascertain her residence outside the state. The record shows that at one time she resided at Seneca, in said Faulk county; but for many years prior to her death she resided in the vicinity of West Chester, in the state of Pennsylvania. Under all the many decisions of this court rendered upon this subject, the said affidavit for publication was insufficient to call into exercise the judicial mind, or to confer jurisdiction on the court to order service of the summons by publication. Grigsby v. Wopschall, 25 S. D. 564, 127 N. W. 605; Coughran v. Markley, 15 S. D. 37, 87 N. W. 2; Soderberg v. Soderberg, 1 Dak. 503; Beach v. Beach, 6 Dak. 371, 43 N. W. 701; Bothell v. Hoellwarth, 10 S. D. 491, 74 N. W. 231; Plummer v. Bair, 12 S. D. 23, 80 N. W. 139.

[6] The contention is that plaintiff is attacking the said judgment collaterally, and that the recitals in said judgment that the defendant, Edith Sharpless, was duly served with the summons cannot be shown to be false by evidence outside the record (judgment roll) itself. We cannot concur in the conclusion that the plaintiff is attacking the said judgment collaterally. It seems to be generally held that on collateral attack it is not permissible to go outside the record itself to show the judgment to be void, although in some jurisdictions it is held that the record does not import uncontrollable verity when want of jurisdiction is alleged. 23 Cyc. 1087. The attack on the judgment in question is direct. If the plaintiff in this action to quiet title, which he properly might have done, but was not required to do under the practice and decisions of this state, had alleged and set out all the facts connected with the taking of said judgment, including affidavits and order for publication, and as a part of his relief asked to have said judgment vacated and canceled, there can be but little question but what that would have constituted a direct and not collateral attack on the validity of this judgment. Under the holdings of this court, the plaintiff was not required to set out the specific facts upon which he bases or claims title to real estate in an action of this character, but it is sufficient if he allege that he

is the owner thereof in fee, and that defendant wrongfully and without right claims some interest therein adverse to plaintiff; that such allegation is sufficient to require defendant to come into court and show his title, which may be better known to defendant than to plaintiff. Clark v. Darlington, 7 S. D. 148, 63 N. W. 771; Campbell v. Trust Co., 14 S. D. 483, 85 N. W. 1015.

Plaintiff brought this action to remove clouds from his title, alleging ownership in himself, and also alleging generally that defendants wrongfully and unlawfully and without right claim some interest in said land adverse to plaintiff. Under this complaint, plaintiff could attack any cloud against his title, whether the said cloud consisted of an unlawful tax deed or an unlawful judgment. There is no reason in principle why one kind of cloud on title may not be attacked under this kind of complaint, as well as any other kind of cloud. The clouds on title under this judgment are just as effectual as clouds under a tax deed. This court, in Campbell v. Trust Co., supra, held that the allegations in the complaint attempting to show defects in defendants' tax deeds and tax titles were unnecessary and constituted surplusage; and there is no possible reason why the same rule would not be applicable to defective judgments which constitute clouds on title. If plaintiff had attempted to set out the defects in this judgment in his complaint, such allegations would have constituted surplusage. The complaint was sufficient to remove whatever clouds on title in favor of defendants that might be set up by defendants in their answer. The purpose of this complaint was to attack directly all adverse clouds and claims on plaintiff's title, which, necessarily, would include and overturn these judgments decreeing and establishing title in defendants. If an action or proceeding is brought for the very purpose of impeaching or overturning the judgment, it is a direct attack upon it. 23 Cyc. 1062.

It will be observed that the judgment in question declares and quiets title in the plaintiffs in said actions, and decrees that the defendant, Edith Sharpless, has no title therein. The defendants in this case have answered, setting up this judgment not only as a bar and a defense, but as a counterclaim investing defendants

with title adverse to plaintiff. Plaintiff has replied to this counterclaim, alleging the want of jurisdiction in the court to render such a judgment, thereby raising the direct issue as to validity of said judgment between the same parties or their privies over the same subject-matter. In principle, precisely the same question is presented in the cases of Eayrs v. Mason, 54 Neb. 143, 74 N. W. 408, and German Nat. Bank v. Kauter, 55 Neb. 103, 75 N. W. 566, wherein it was held that in view of the fact that the invalidity of the judgment pleaded was not raised by a collateral third party thereto, but between the same parties or their privies over the same subject-matter, although the judgment disclosed on its face that the court had jurisdiction, both of the subject-matter and the parties thereto, still a party made liable by such judgment who never had appeared in the action, and who was never given legal notice of the pendency of such action, may, in a proper proceeding, either as a cause of action or defense, show that the recital of the record that he was served with process is false.

In the case at bar, even if it should be held that plaintiff was required under our practice to specifically set out the facts constituting and showing the invalidity of said judgment, and that his complaint was therefore defective and not sufficient for the purpose of direct attack upon this judgment, still, where the defendants have alleged said judgment as a counterclaim, have alleged it as an independent cause of action in their own favor, under and by virtue of which they claim title adverse to plaintiff, the plaintiff stands in the position of making direct defense thereto by his reply, just the same as if the defendants had commenced the cause of action as plaintiffs, and the plaintiff in this case had answered thereto as defendant. The allegations of the reply raise directly the want of jurisdiction to render such a judgment. While the allegations of the reply are not as specific and definite as might have been, still, in the absence of a demurrer or motion to make more definite, such allegations are sufficient to raise the question of the jurisdiction and validity of such judgment. Hyde v. Redding, 74 Cal. 493, 16 Pac. 380. There are numerous decisions holding that the validity of a judgment may

be directly attacked by the pleadings in an action to quiet title. 23 Cyc. 1063; 14 Current Law, 391; Eayrs v. Mason, supra. The record of said judgment, including the affidavit and orders for publication, was offered in evidence by the defendants and received without objection. Therefore we conclude that the judgment in question was attacked directly and not collaterally, and that the want of jurisdiction sufficiently appears.

Finding no error in the record, the judgment of the circuit court is affirmed.

WHITING, J. (concurring specially). I concur with the conclusion reached in the majority opinion; but I would base my conclusion upon reasons other than those therein stated.

There can be no question but what the affidavit for order directing publication of summons was insufficient to authorize the order of publication that was made and entered in the action wherein the disputed judgment was entered. It must be conceded that respondent might bring an action seeking only to set aside such judgment, and that he might afterwards bring another action to quiet title in himself. If it should be held that these two reliefs could not properly be sought in one action (upon which proposition I advance no opinion), yet, if such an action was brought, no objection raised thereto, and, upon trial, both prayers of the complaint were granted, the defendant therein would not be heard, upon an appeal, to urge any claim of misjoinder of actions. In the case at bar, issue was joined as to the validity of the former judgment by answer and reply. Upon the trial it was not the respondent who offered the affidavit and order of publication in evidence for the purpose of destroying the prima facie proof of a valid judgment, as evidenced by records received in support thereof. If such offer had been made by respondent, we would have a very different record than the one presented, and, if the record further showed objections to such offer, we might be called upon to determine whether respondent's attack upon the judgment was direct or collateral, if, upon that question, turned the admissibility of the proof offered. The record, however, shows that there was offered, by the appellants themselves, what pur-

ported to be the judgment roll; this purported roll included the affidavit and order for publication of summons. It will thus be seen that no question of competency of these papers to prove validity of judgment was raised; the case was submitted to the court by appellants, just as if the judgment had been directly attacked, and the court asked, by such appellants, to pass upon the validity of such judgment in the light of the full proceedings upon which the jurisdiction to render such judgment was based.

Upon the record as made by the appellants themselves, the judgment of the trial court was clearly right, and should be affirmed.