[No. 6,809.—Department Two.]

PETER S. McNEIL ET AL. v. ROBERT T. POLK ET AL.

MEXICAN LAW—ALIENS.—It is settled in this State, that under the laws of
    Mexico, which were in force in California, aliens could inherit real estate.
PURCHASER IN GOOD FAITH—NOTICE—POSSESSION.—A person about to pur-
    chase a certain title to real estate is not put upon inquiry concerning un-
    known equities against such title, by the fact that such real estate is in the
    actual possession of one who does not hold in hostility to the title about to
    be purchased.

APPEAL from a judgment, and order denying a new trial, in
the Fourth District Court, City and County of San Francisco.
MORRISON, J.

Ejectment to recover one undivided fourth of certain real
property. It appeared from the pleadings and findings, that
the defendant Finnegan, at the times that the plaintiffs and
their grantors acquired their title, was in the actual possession
of the premises as a tenant of the other defendants; and that
the defendants were aware of the existence of the partnership
mentioned in the opinion, that they acquired their title by a
deed from John Paty, but that said deed was not made in the
course of nor for the purpose of winding up the affairs of said
partnership. The plaintiffs had judgment.

*B. S. Brooks,* for Appellant.

*Bona fide* purchase, for value, without notice, is a shield and
not a spear. It does not help a plaintiff in ejectment. It is
never a ground of recovery, though it may be a good defense.
Lord Chancellor Loughborough said: "I find it very difficult
to imagine a case in which it can be used for any other purpose
than to *defend the actual possession.*" (*Strode* v. *Blackburne*, 3
Ves. 225.)

To the same effect are *Beeckman* v. *Frost*, 18 Johns. 544,
and *Johnson* v. *Caldwell*, 1 Cowen, 642.

But if it were admissible, the defendants do not make it out.
It must be made in good faith; that is to say, in the belief that
the purchaser is acquiring a perfect and unquestioned title.
The vendor must be in the actual occupancy of the land.
There must be *delivery* of the possession *accompanying* the pur-

chase. (*Boone* v. *Chiles*, 10 Peters, 210; *Lawton* v. *Gordon*, 37 Cal. 207; 2 Sugden on Vendors, 574–576.

*Stetson & Houghton*, for Respondent.

Possession, to be effectual as notice, must be of such a nature that if continued for the necessary period of time it would be a bar under the Statute of Limitations. (2 Leading Cas. Eq. (W. & T.) pp. 180, 119.) The Court finds in this case that the defendant did not, prior to the commencement of this suit, hold the land in suit adversely to the claim of plaintiffs or their grantors.

SHARPSTEIN, J.:

It is not necessary to determine in this case whether Francis W. Paty, from whom the plaintiffs deraign title, was a citizen of the United States or not, because it is well settled in this State, that under the laws of Mexico, which were in force in California at the time of his father's death, aliens could inherit real estate. (*Ramirez* v. *Kent*, 2 Cal. 560; *People* v. *Folsom*, 5 id. 373; *Merle* v. *Mathews*, 26 id. 477; *Racouillat* v. *Sonsevain*, 32 id. 386.)

The title of Francis W. Paty was not affected by the deeds of Gleeson and Mrs. Daley. That was determined in *Paty* v. *Smith*, 50 Cal. 153. Of the estate left by his father, Francis W. inherited one-sixth from his father direct, and one-twelfth from a deceased brother, which together constitutes one-fourth of the estate of which his father died seized. At the time of the purchase of the premises in controversy by William Paty, he and his brother, John Paty, were partners, and the purchase was made with partnership funds and on partnership account, although the conveyance was made to William, individually. He held it, however, in trust for the partnership, and that trust might have been enforced against his administrators and heirs, but not against a *bona fide* purchaser from the latter without notice; and it is not claimed that the plaintiffs had actual or constructive notice of the trust, but that they had notice of facts sufficient to put them upon inquiry, which they omitted to make, and that they are therefore chargeable with knowledge

of all that they might have ascertained by prosecuting such inquiry. The circumstance of the defendant being in possession of the premises is relied upon by the appellant as sufficient to have put the plaintiffs upon inquiry; but the Court finds that such possession was not, prior to the commencement of this action, adverse to the claim of the plaintiffs or their grantors. Such being the fact, it was unnecessary for them to make any inquiry in regard to the defendant's possession. If it was not under a claim hostile to the title which they were about to purchase, they could not be affected by it.

Judgment and order affirmed.

Ross, J., concurred.

Morrison, C. J., concurred in the judgment.