ESTELLE W. WILCOX *vs.* LEOMINSTER NATIONAL BANK.

June 23, 1890.

Docketed Judgment — Priority over Equity to Reform Deed. — A docketed judgment takes precedence not only of an unrecorded deed by the judgment debtor in whom the title to real estate appears of record, but of an equity against him, — such, for instance, as an equity to have a recorded deed reformed so as to include the real estate, — of which the judgment creditor has no notice.

Tenant in Common — Possession — Notice. — A tenant in common of real estate in possession is presumed to be in under his own title, and not in right of his cotenant; and the possession is therefore, of itself, notice only of his own title.

Appeal by plaintiff from a judgment of the district court for Swift county, where the action was tried by *Baxter, J.*

*S. H. Hudson* and *J. C. Haynes,* for appellant.

*Edward E. Webster* and *Marshall A. Spooner,* for respondent.

GILFILLAN, C. J.    The action is under the statute to determine adverse claims to real estate.   On and prior to February 23, 1886, A. G. and W. F. Wilcox each owned an undivided half of a tract of land of 640 acres, constituting one farm, including the land in controversy; and on that day said A. G. and this plaintiff, his wife, executed a deed which was intended to convey the entire farm to one Thornburgh, and he executed a deed of conveyance to plaintiff, the purpose of the two deeds being to vest in her title to the undivided half theretofore owned by A. G.   By mistake of the scrivener who drew the deeds, the description of the land in controversy was omitted. The deeds were recorded February 26, 1886.   On discovering the mistake, on December 31, 1887, A. G. and the plaintiff executed a conveyance to Thornburgh, and he executed one to plaintiff, both cor-

rectly describing the 640-acre tract. These deeds were recorded February 28, 1888. But meantime, and just prior to recording them, a judgment in favor of this defendant against A. G. Wilcox was docketed in the county. Neither plaintiff nor A. G. Wilcox was ever in personal possession of the land. Up to the execution of the first deed, W. F. Wilcox was in possession, raising and breeding stock for himself and A. G. At the execution of said deed, A. G. transferred his interest in the stock and business to plaintiff, and W. F. continued the business and management of the farm, and to reside upon it as formerly, till the trial. The defendant had no notice of the transactions, unless it might be charged with it from the possession of W. F. The facts with reference to the business were not known to it till after the docketing of its judgment.

The statute giving effect to registration of deeds (Gen. St. 1878, c. 40, § 21) places a docketed judgment upon the same footing as a recorded conveyance, and gives to it precedence over an unrecorded deed, unless the judgment creditor have other notice of the unrecorded conveyance. *Lamberton* v. *Merchants' Nat. Bank,* 24 Minn. 281; *Dutton* v. *McReynolds,* 31 Minn. 66, (16 N. W. Rep. 468.) In the absence of notice to the defendant, this would dispose of the case, unless, as plaintiff seems to claim, her mere equity to have the deed reformed makes her position superior to what it would be with a perfect but unrecorded deed. This cannot be. The purpose of the statute is to protect purchasers, and attachment and judgment creditors, against claims to the real estate of which they have no notice by the record or otherwise. This would be as effectually defeated by allowing a mere equity, of which the judgment creditor has no notice, to displace the lien of his judgment, as by allowing a legal unrecorded title to have that effect. The record, as it stood when the judgment was docketed, contained no notice of any right in plaintiff, legal or equitable, except to the land described in her deed.

W. F. Wilcox was a tenant in common of the land. As such, he had a right to the exclusive possession as against all the world but his cotenant. His possession was notice of his own title, but it could not be notice of change of title on the part of his cotenant. He would be presumed to be in of his own right, by virtue of his own

title, and not under his cotenant's title. Notice that he was also holding under his cotenant would undoubtedly be notice also of his cotenant's title. But his mere possession would not be notice that he was in under any one but himself. So that his possession alone was not notice of any equity that had arisen between his original cotenant and the plaintiff.

Judgment affirmed.