48 177
68 316
48 177
71 723

## CYRUS D. CHRISTY v. LIZZIE M. RICHOLSON.

1. POSSESSION — *Evidence of Title.* Possession, with claim of ownership, is not only evidence of title, but is title itself in a low degree.

2. TAXES — *Payment.* The payment of taxes is always very strong evidence, *prima facie,* of ownership.

3. ———— *Prior Possession.* Priority of possession gives precedence, where no better title can be shown as belonging to either.

*Error from Elk District Court.*

THE opinion states the case.

*H. S. Douthitt,* and *R. Simons,* for plaintiff in error.
*A. M. Jackson,* for defendant in error.

12 — 48 KAS.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the court below brought by Lizzie M. Richolson against Cyrus D. Christy, to recover the possession of lot 98, in block 62, in the city of Howard. Trial before the court without a jury, at the February term, 1889. Mrs. Richolson claimed title and possession to the lot in controversy, under an invalid tax deed of the 7th of May, 1878, and also on account of improvements upon the lot while in possession, and the payment of taxes thereon. John Cummings conveyed the lot, for $60 or $65, to W. G. Maloney, on the 13th of November, 1877. On the 14th of June, 1886, Maloney and wife conveyed the lot to Cyrus D. Christy, the defendant below. It seems to be admitted that Christy's possession was subsequent to that of Mrs. Richolson, but he claims that Cummings, or Maloney, or both, had the prior possession of the lot, and that the trial court erred in rendering judgment against him. As neither of the parties was the owner in fee-simple of the lot, the question in the case is, which had the better title or prior possession? Possession, with claim of ownership, is not only evidence of title, but is title itself in a low degree. The payment of taxes is always very strong evidence, *prima facie*, of ownership. Priority of possession gives precedence, where no better title can be shown as belonging to either. (*Gilmore v. Norton*, 10 Kas. 491; *Duffey v. Rafferty*, 15 id. 1; *Simpson v. Boring*, 16 id. 248; *Mooney v. Olsen*, 21 id. 691.) The evidence introduced was somewhat conflicting as to the prior possession of the parties. We think there was sufficient evidence to sustain the finding and judgment of the trial court, and therefore we cannot interfere.

The judgment of the district court will be affirmed.

All the Justices concurring.