[S. F. No. 1832.   Department One. — October 31, 1901.]

# E. F. SCHUMACHER, Appellant, v. I. J. TRUMAN et al., Respondents.

DIVORCE — DIVISION OF COMMUNITY PROPERTY — TENANCY IN COMMON — UNRECORDED SEPARATION AGREEMENT — BONA FIDE PURCHASER. — A *bona fide* purchaser of an undivided half interest in community real estate, awarded by a decree of divorce to the wife, as a tenant in common with the husband, is protected as against an unrecorded agreement for separation made between the husband and wife, which it was agreed should control all property rights in case of divorce, where the purchaser had no actual or constructive notice of such agreement.

ID. — POSSESSION OF TENANT OF HUSBAND — POSSESSION OF WIFE — PRESUMPTION — PURCHASER NOT PUT UPON INQUIRY. — The possession of a tenant of the divorced husband after the decree of divorce must be presumed to be the possession of the divorced wife, as a tenant in common with him, and is consistent with and not adverse to the record title of the divorced wife, and did not put the purchaser from her upon inquiry as to any equitable rights of the divorced husband under the unrecorded agreement.

ID. — POSSESSION, WHEN AND WHEN NOT NOTICE TO PURCHASER — INQUIRY, WHEN NOT A DUTY. — The rule that one who purchases land, not at the time in the possession of the vendor, takes in subordination to the rights of third persons in actual possession, is subject to the qualification that the possession must be not only open and notorious, but also exclusive, and inconsistent with the record title. Inquiry does not become a duty when the apparent possession is consistent with the title appearing of record.

ID. — NEGLIGENCE OF HUSBAND — ESTOPPEL. — The negligence of the husband in permitting the record title to the undivided one half of the community property to remain of record, and in failing to give record notice of any application to set aside the decree as against the wife, estops him from questioning the title of a *bona fide* purchaser claiming under the wife, who took her record title for full value without notice of any claim or action of the husband inconsistent therewith.

APPEAL from a judgment and order of the Superior Court of San Mateo County.   George H. Buck, Judge.

The facts are stated in the opinion.

Nagle & Nagle, for Appellant.

I. J. Truman, Jr., for I. J. Truman, Respondent.

L. A. Gibbons, for Ida J. Martens and F. Martens, Respondents.

HARRISON, J.— Action to determine an adverse claim to certain real estate in the county of San Mateo.

The findings of fact herein show that on June 8, 1895, and prior thereto, the plaintiff and the defendant Ida J. Martens— then the wife of the plaintiff— were the owners in common of the land described in the complaint, and that on that day they entered into a written agreement, by which the plaintiff was to have the control and management of said land, and that upon his sale of the same, the proceeds thereof should be divided between them, and further, that in case of an action for divorce between them, the agreement should be considered as a settlement of all their property rights; that thereafter an action for divorce was commenced in San Francisco against the plaintiff, by his said wife, in which she asked, in her complaint, that one half of said property be awarded to her; that a copy of said complaint was served upon the plaintiff, and that after its service her attorney stated to him that he would see to it that all his rights were properly protected, and that it was not necessary for him to employ an attorney therefor; that he relied upon said statements, and did not employ any attorney or appear in said action; that thereafter a decree of divorce between them was granted, and that in said decree the defendant Ida— the plaintiff therein—was awarded the undivided half of said property; that said decree was entered of record November 4, 1895; that on November 13, 1896, the said Ida granted the said undivided half of said land to one Morgan, who had been her attorney in the divorce suit, by a sufficient deed of conveyance, which was recorded November 18, 1896; that on February 19, 1897, said Morgan conveyed the property to the defendant Truman by a deed of conveyance, which was properly recorded March 8, 1897, and that said Truman paid therefor its full market value; that the said agreement between the plaintiff and his said wife was never recorded, and that Truman had no knowledge of it, or that either of them claimed any interest in the property purchased by him; that before making said purchase he caused a search of the records to be made, and relied thereon in making said purchase; that on November 17, 1896, the plaintiff applied to the superior court for an order to set aside the judgment in the divorce suit, and to have the same entered in accordance with the aforesaid agreement between him and his wife, but that no notice of said application was placed of record in San Mateo County, and that Truman,

at the time of his aforesaid purchase, or prior thereto, had no knowledge that said application to amend said judgment had been made. The court also found that at all times after the date of said agreement the plaintiff has had a tenant actually and continuously residing on the premises, and claiming to occupy them as his tenant. Upon these facts the court held that Truman was a *bona fide* purchaser for value of the undivided one half of said land, and rendered judgment in his favor therefor.

It is not disputed by the appellant that upon the facts found by the court the record title to the land purchased by Truman was in his grantor, Morgan; but it is contended by him that Truman took the land subject to the aforesaid agreement of June 8, 1895, basing this contention upon the proposition that the possession of the land by a tenant of the plaintiff was notice to all of the plaintiff's right thereto.

The rule that one who purchases land, which is not at the time in the possession of his vendor, takes the same in subordination to the rights of another who is in its actual possession, is subject to the qualification that such actual possession must not only be open and notorious, but also that it be exclusive, and inconsistent with the record title. (*Smith* v. *Yule*, 31 Cal. 180;[1] *Staples* v. *Fenton*, 5 Hun, 172; *Pope* v. *Allen*, 90 N. Y. 298; *Holland* v. *Brown*, 140 N. Y. 344; *Rankin* v. *Coar*, 46 N. J. Eq. 566; *Ellison* v. *Torpin,* 44 W. Va. 414; *Munn* v. *Achey*, 110 Ala. 628; *Lance* v. *Gorman*, 136 Pa. St. 200.[2]) Such possession is not, of itself, notice, but merely evidence tending to prove notice sufficient to put the purchaser on inquiry (*Emeric* v. *Alvarado*, 90 Cal. 471); and "inquiry does not become a duty when the apparent possession is consistent with the title appearing of record." (*Smith* v.. *Yule*, 31 Cal. 180.[1]) "What makes inquiry a duty is such a visible state of things as is inconsistent with a perfect right in him who proposes to sell." (*Meehan* v. *Williams*, 48 Pa. St. 238.) "The rule is universal, that if the possession be consistent with the recorded title, it is no notice of an unrecorded title." (*Kirby* v. *Tallmadge*, 160 U. S. 379.) If the actual possession is consistent with the record title, it will be presumed to be under that title and referable thereto. (*Plumer* v. *Robertson*, 6 Serg. & R. 179; *Dutton* v. *McReynolds*, 31 Minn. 66; *Harding* v. *Seeley*, 148 Pa. St. 20.)

[1] 89 Am. Dec. 167.          [2] 20 Am. St. Rep. 914.

Under these principles, it must be held that the possession of the land by a tenant of the plaintiff did not give any notice to Truman of the plaintiff's claim derived under the unrecorded agreement between him and his wife. By the terms of the judgment in the divorce suit, the plaintiff and his wife became tenants in common of the land, and upon the recording of that judgment, notice was given to the world of the character and extent of their respective interests therein. There was thereafter no change in the character of the plaintiff's possession, nor did he in any manner indicate that his possession was hostile to the claim of his co-tenant. The possession by his tenant was no greater notice of his claim of title than would have existed if he himself had been in the actual occupation of the land. By virtue of being a co-tenant with his former wife, he was entitled, as against every one except her, to the possession of the whole of the land. But such possession was at the same time the possession of his co-tenant, and is presumed to have been in her interest and for her benefit, as well as for himself. (Freeman on Cotenancy, sec. 167; *Unger* v. *Mooney*, 63 Cal. 586;[1] *Wilcox* v. *Loominster National Bank*, 43 Minn. 541.[2]) As he was therefore entitled to the possession of the whole of the land, his possession was consistent with the record title, and Truman had the right to assume that such possession was in accordance with that title, and was not required to inquire of him whether he had some unrecorded claim in addition thereto. (*McNeil* v. *Polk*, 57 Cal. 323.)

The right of Truman, in making the purchase, to rely upon the record title is due to the laches of the plaintiff himself, rather than to any negligence on his part. The plaintiff failed to place upon record the agreement between himself and his wife. He was informed by the complaint in the divorce suit that his wife asked for an undivided half of the land, and he knew that if he suffered default in the action, such judgment might be given her. His reliance upon the promise of her attorney to protect his rights in the property did not impair the force of that judgment, or the right of others in dealing with the property to rely upon its terms, so long as he permitted it to remain of record. He not only allowed more than a year to elapse after the judgment had been entered

---

[1] 49 Am. Rep. 100.   [2] 19 Am. St. Rep. 259.
CXXXIV. Cal.—28

before he sought to have it amended, but he did not even then give any public notice of such purpose. By holding her out as the owner of an undivided half of the land, he is estopped from disputing the validity of the title acquired by Truman in purchasing the same.

The judgment and order are affirmed.

Garoutte, J., and Van Dyke, J., concurred.