WEEKS v. CRANMER *et al.*

1.  In an action to quiet title, in which defendant set up title in himself, and it did not appear that both parties claimed from a common source, evidence of a deed to plaintiff's grantor was inadmissible, without showing that grantor in that deed deraigned title from the government.

(Opinion filed July 1, 1903.)

Appeal from circuit court, Brown county; Hon. A. W. CAMPBELL, Judge.

Action by William H. Weeks, as trustee, against Simeon H. Cranmer and others, to quiet title, From a judgment for plaintiff, defendants appeal. Reversed as to defendant John W. Cranmer, and otherwise affirmed.

*S. H. Cranmer,* for appellants.

*John H. Perry,* for respondent.

CORSON, J.    This is an action to quiet title to a lot in the city of Aberdeen. The case was tried by the court without a jury, and the findings and judgment being in favor of the plaintiff, the defendants appealed.

The plaintiff alleges in his complaint that he was in possession of the lot therein described, and that he claims title to the

same in fee simple; that the defendants claim an estate therein adverse to the said plaintiff; and that their claims are without right. The defendant John W Cranmer filed an answer denying the allegations of the complaint, except that he claims an estate and interest therein, and alleges that he is the owner in fee of the property, subject to an equity in the defendants Simeon H. Cranmer and Emma A. Cranmer in and to the lot alone. The defendants S. H. Cranmer and Emma A. Cranmer filed a separate answer, denying each and every allegation in the plaintiff's complaint contained; except that they claim an estate or interest in the said property. Said last-named defendants set up an affirmative defense, which, under the views of the case entertained by the court, need not be further considered.

The only evidence introduced on the trial by the plaintiff to sustain his allegations of ownership and possession was a deed from Lizzie M. Pratt to Albert D. McClure, dated March 3, 1890; a mortgage from McClure to the Union Banking Company to secure a loan of $1,500; proceedings foreclosing said mortgage, resulting in a deed to the plaintiff; judgment recovered in the justice's court by William H. Weeks, as trustee, against S. H. Cranmer and Emma A. Cranmer, and an execution issued upon the same, and the return of the officer thereon, and a quitclaim deed from Emma A. Cranmer and S. H. Cranmer to the plaintiff. To this evidence, objections were made that it was incompetent, immaterial, and irrelevant. The objections were overruled, rud the defendants excepted. At the close of the plaintiff's evidence, the defendants moved the court to dismiss the action on the ground, among others, that the evidence introduced failed to make out a case entitling the plaintiff to recover. This motion was denied, and properly so, under the

rulings of this court in the case of Northwestern Elevator Company v. Lee, 15 S. D. 114, 87 N. W. 581. At the close of all the evidence the defendants presented to the court, among others, the following finding of fact: "That the plaintiff has no right, title, or interest in or to the real estate mentioned in the complaint." And as a conclusion of law: "That the defendant John W. Cranmer is entitled to a judgment and decree of this court adjudging that said plaintiff has no right, title, or interest in or to the real estate described in the complaint." This finding and conclusion was refused, and the defendants duly excepted. And the court found that said plaintiff was the owner of the premises described in the complaint, and concludes that the said plaintiff is entitled to a judgment adjudging him to be the owner of the said property, and that the defendants have no interest or title in or to the same.

It is contended by the defendants that the plaintiff established no title to the property; that he failed to connect himself with the paramount or government title, and that, as evidence, the deed of Lizzie M. Pratt to McClure, the McClure mortgage, and the foreclosure proceedings, were incompetent and immaterial, in the absence of evidence showing that Lizzie M. Pratt had a title deraigned from the United States government, and that, this evidence being inadmissible, there was no legal evidence to support the finding of the court that the plaintiff was the owner of the property. As to the defendant, John W. Cranmer, we are of the opinion that this contention is correct, as the plaintiff alleged title and posession in himself, and, this being denied by the defendants, it was incumbent upon the plaintiff to prove a title deraigned from the United States. The evidence of such title, therefore, offered by the plaintiff, and

objected to by the defendants, was clearly inadmissible, in the absence of evidence tending to prove that said Lizzie M. Pratt had acquired the paramount title. It seems to be well settled that a party alleging title in fee simple in himself, when denied by the answer, must show a chain of title from the paramount source, unless it clearly appears by the pleadings that both parties claim from the same common grantor. Such is the rule in actions for the recovery of real property, formerly known as "actions of ejectment," and we see no reason why the same rule should not be applied to actions to quiet title. 2 Greenl. on Ev. § 304; Miller v. L. I. R. Co., 71 N. Y. 380. This evidence was clearly prejudicial, and would have entitled all the defendants to a reversal of the judgment, were it not for the fact that the defendants S. H. Cranmer and Emma A. Cranmer were estopped by their quitclaim deed, and by the judgment against them in the justice's court, and the execution thereunder, and return of the officer thereon. This deed and judgment, however, did not affect the defendant John W. Cranmer, as he was not a party to either the deed or the judgment.

It is insisted by the respondent in his brief that all of the evidence is not contained in the abstract, but he has served no additional abstract, and in such case this court will presume that all the evidence necessary to a proper consideration of the questions before the court is contained in the abstract. The respondent has the privilege of serving and filing an additional abstract for the express purpose of bringing before the court evidence or matter contained in the record not found in the abstract, and, if no such additional abstract is served or filed, the respondent cannot be heard to say that there is other evidence in the record not contained in the abstract. This has

long been the established rule of this court. In Davenport **v.** Buchanan, 6 S. D. 376, 61 N. W. 47, the court held that "in the absence of an additional or amended abstract, it is presumed that all the evidence regarded essential to a determination of the questions presented is contained in the bill of exceptions or statement of the case formulated by and included in appellant's abstract." Harrison v. Chicago, M. & St. P. Ry. Co., 6 S. D. 100, 60 N. W. 405, Jones Lumber & Mercantile Co. v. Faris, 5 S. D. 348, 58 N. W. 813.

The judgment of the circuit court and order denying a new trial are reversed as to the defendant John W. Cranmer, and affirmed as to the defendants S. H. Cranmer and Emma A. Cranmer. No costs will be allowed either party.