### WEEKS V. CRANMER *et al.*

1. Where, in an action to quiet title, the undisputed evidence showed that plaintiff was in the actual possession of the premises, claiming to be the owner in fee by virtue of a certain deed and certain judicial proceedings, such possession and claim of ownership were sufficient evidence of title to justify a recovery as against a defendant who failed to establish any title in himself.

2. Though plaintiff's documentary evidence, consisting of certain deeds, etc., in a suit to quiet title, was insufficient to prove title deraigned from the United States or a common grantor, it was admissible to show the exact location of the premises occupied by plaintiff under a claim of ownership.

(Opinion filed October 19, 1904.)

On rehearing.   Affirmed.

For former opinion, see 17 S. D. 173, 95 N. W. 875.

FULLER, J.   At the trial of this action now before us on rehearing the title to certain real property was quieted in plaintiff, but on appeal to this court the judgment was reversed as to the defendant John W. Cranmer on the ground that plaintiff's ownership was not sufficiently established.   Weeks v. Cranmer, 17 S. D. 173, 95 N. W. 875.

In support of the allegation that plaintiff is the owner in fee and in actual possession of the premises, our attention is now specially directed for the first time to a judgment in ejectment in his favor, a writ of possession addressed to the sheriff commanding him to deliver actual possession to plaintiff, and the return of that officer affirmatively showing that the writ was duly executed on the 11th day of November, 1896, by placing plaintiff in actual occupancy of the premises.   Now, when the existence of a condition or thing is admitted or prov-

ed, it is presumed to continue until the contrary is legally established by a counter presumption or rebutting testimony. 1 Jones Ev. § 52; Currier v. Gale, 9 Allen 522; Table Mountain Gold and Silver Mining Co. v. Waller's Defeat Silver Mining Co., 97 Am. Dec. 526. Therefore the undisputed evidence shows that plaintiff was in actual possession of the premises claiming to be the owner in fee by virtue of the deed and proceedings mentioned in our former opinion, and as against defendants who are without even color of title, such possession and claim of ownership is sufficient evidence of title to justify a recovery. "Title to property in a certain person, once proved or admitted, is presumed to continue until the contrary is proved." Coleman & Burden Co. v. Rice (Ga.), 31 S. E. 424. "The possession of real estate is prima facie evidence of the highest estate in the property, to-wit, a seisin in fee." Hill v. Draper, 10 Barb. 454. "Possession with claim of ownership is not only evidence of title, but it is title itself in a low degree." Christy v. Richolson, 48 Kan. 177, 29 Pac. 398. "It is a well settled rule in relation to possessory rights that prior possession is prima facie evidence of title." Feirbaugh v. Masterson, 1 Idaho 135. The following cases hold that possession of real property is prima facie evidence of title, and sufficient to maintain ejectment: Williamson v. Tobey, 86 Cal. 497, 25 Pac. 65; Wilcox v. Leominster National Bank, 43 Minn. 541, 45 N. W. 1136, 19 Am. St. Rep. 259; Mayor of New York v. Carleton, 113 N. Y. 285, 21 N. E. 55; Day & White v. Alverson, 9 Wend. 223.

Chief Justice FIELD, in disposing of a case where the plaintiff failed to prove title deraigned from a paramount source, characterizes the legal effect of actual possession of real prop-

erty by a prior·grantor as follows: "But aside from all considerations of the grant, the evidence was prima facie sufficient to go to the jury on the ground of the prior possession shown in Sutter. The district court ordered a nonsuit on the ground, as stated in the record, that the 'plaintiff, having offered to prove the paper title, and failed, could not recover either on his paper title or possession, because the possession was merged in the paper title, and must fail with it.' By this we understand the district court to have held that where a party relies upon documentary evidence of title and prior possession, if he fails in the former he cannot succeed upon the latter —a proposition of law which cannot be maintained. The two kinds of evidence are only different means of attaining the same result—the establishment of a right in the plaintiff to the premises as against the defendant. Both may be resorted to, and the failure of either will not impair the just force and effect of the other. As prior possession in the plaintiff or his grantors is, of itself, sufficient to warrant a recovery, it would be strange if an unsuccessful attempt to add to it the additional weight of documentary evidence should operate to destroy its original and legitimate effect. And if the documentary evidence of title produced turned out defective it would be equally strange if the plaintiff, to establish his right as against the defendant, should be precluded from resorting· to other equally effective evidence, when, too, perhaps, the defects in his documentary title may have been for the first time disclosed on the trial." Morton v. Folger, 15 Cal. 275.

While plaintiff's documentary evidence was insufficient to prove title deraigned from the United States government or a common grantor, its introduction was entirely proper for the

purpose of showing the exact location of the premises occupied under his claim of ownership. On account of such actual occupancy of the premises, and for the reason that John W. Cranmer failed to establish any title in himself whatever, and his codefendants conveyed their interest to plaintiff in possession prior to the commencement of the action, the judgment appealed from is now affirmed as to all the defendants.