YANKTON NATIONAL BANK, Appellant, v. BENSON, Respondent.

(146 N. W. 582.)

**1   Corporations—Corporate Existence—Findings, Inconsistency of.**
A finding, in an action upon a judgment of a justice of the peace, that in 1896 plaintiff bank, a corporation, recovered judgment against defendant, is equivalent to a finding that plaintiff was a corporation in 1896, and is in conflict with a

finding that there was no proof that plaintiff, whose complaint alleged it was a corporation, was in fact incorporated.

2. **Judgment—Justice of the Peace—Finding of Corporate Existence—Conclusiveness—Effect.**

A judgment of a justice of the peace, whether by default or rendered after trial, which finds that plaintiff was a corporation, is, in an action on the judgment, conclusive of that fact at time of rendition of justice's judgment.

3. **Pleading—Corporate Existence—Denial—Burden of Proof.**

The specific denial, by defendant, of corporate existence of a national bank, plead in a complaint, casts upon plaintiff the burden of proving that fact.

4. **Evidence—Presumptions—Continuance of Corporate Existence—Presumptive Date of Incorporation.**

Proof of the corporate existence at a particular time, of a national banking corporation, being a fact of a continuous nature, gives rise to a presumption, within logical limits, that it exists at a subsequent time, and of its continued corporate existence. Held, further, that where a national bank is once shown to have existed, its continued existence will be presumed during a period of twenty years thereafter, but such presumption becomes slighter as the time increases; and, for the purpose of exercise of the presumption of corporate existence, the particular time when it is shown that corporate existence existed, is the earliest date of its corporate existence.

5. **Evidence—Duration of National Bank Charter—Judicial Notice.**

In an action by a national bank, whose corporate existence is in question, the court will take judicial notice that a national bank is chartered for twenty years.

6. **Same—Presumption of Continuance of Fact—Judicial Discretion.**

The entertaining of presumptions of continuation of facts and conditions once shown to exist, is a matter resting in the judicial discretion of trial court.     **Dictum.**

(Opinion filed March 21, 1914.)

Appeal from Municipal Court of City of Sioux Falls. Hon. ALPHA F. ORR, Judge.

Action by the Yankton National Bank against E. C. Benson, upon a judgment of a justice of the peace. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*Joe Kirby*, for Appellant.

The judgment rendered February 10, 1896 in Justice Court in favor of this plaintiff and against this defendant, is conclusive on the question of plaintiff's corporate existence.

In the first finding of fact, the municipal court finds that the plaintiff, a corporation, recovered the judgment in justice court on which this action is based. This meant that at that time the plaintiff was a corporation. This was an issuable fact, and, having been found, is res judicata of the question. Howard v. Huron, 6 S. D. 180; Cromwell v. County of Sac., 94 U. S. 351; Harschman v. Knox Co., 122 U. S. 306; Burlen v. Shannon, 99 Mass. 200; Webber v. Tschetter, 1 S. D. 205; 46 N. W. 201; Linander v. Longstaff, 7 S. D. 161; 63 N. W. 775.

If the defendant made any claim that the bank was dissolved in the interim existing between the time the judgment in 1896 was procured and the time of the present trial, he should have presented that question by answer and sustained it by proof.

*G. J. Danforth,* for Respondent.

It became necessary for the plaintiff in order to state a cause of action, to allege in its complaint its corporate existence. That fact was denied by the Respondent, and a proper issue was raised upon that question in this case.

When the question was once raised, the burden of proof was cast upon the Appellant in this case to prove its corporate existence.

"The effect of a plea of null tiel corporation is to cast on the plaintiff the burden of proving its corporate existence." Encyclopædia of Pleading and Practice, Volume 5, Page 82.

The trial court did not find, as contended for by Appellant, that the plaintiff was a corporation in 1896. The trial Court simply left the question of proof of corporate existence to the plaintiff, and no proof thereof was made.

GATES, J. Action was brought in the municipal court of Sioux Falls, in the year 1913, upon a justice court judgment rendered in 1896. The defendant limited his answer to a specific denial of the corporate existence of the plaintiff. The cause was tried by the court, which on August 25, 1913, made the following findings of fact:

"(1) That on or about the 10th day of February, 1896, the Yankton National Bank, a corporation, had and recovered

26—Vol. 33, S. D.

judgment against the defendant, E. C. Benson, in the sum of $62.45.

"(2) That said judgment was recovered before W. D. Stites, justice of the peace in and for Minnehaha county.

"(3) That the defendant was, at the time the action was commenced and at the time of the service of the summons, a resident of Minnehaha county.

"(4) That in said action the summons was duly and legally served upon the defendant, E. C. Benson, by H. H. Schwartz, and due proof of service filed with the justice.

"(5) That the plaintiff in its complaint alleged: That it was a corporation duly organized and existing according to law; and that the defendant by his answer especially alleged and set forth that the plaintiff is not a corporation organized and existing according to law, and further alleged and averred that the plaintiff has no corporate existence; that the plaintiff offered no proof of any kind or character that it was a corporation organized and existing according to law; and that therefore the court finds that the plaintiff is not a corporation organized and existing according to law, and has no capacity to sue, and that there is no proper party plaintiff to this suit."

The conclusions of law were in accordance with finding 5. Thereupon judgment was entered dismissing the action, and therefrom plaintiff appeals.

[1, 2] The plaintiff contends that finding 1 is conclusive as to its corporate existence, and that the defendant, having dealt with the corporation, is estopped to deny its corporate capacity. The respondent controverts these contentions and further asserts that by finding 1 the court did not find that plaintiff was a corporation in 1896. With the last assertion we cannot agree. We cannot interpret finding 1 otherwise than as a finding that plaintiff was a corporation in February, 1896. In the view we take of the case, there is a decided conflict between findings of fact 1 and 5. The record does not present the evidence, so that the only question before us is whether the judgment is supported by the findings of fact. We do not know what the nature of the proof was upon which the court was enabled to find that the plaintiff was a corporation in 1896. If such proof consisted of the justice court judgment, then it was

a conclusive determination of the fact of the corporate existence
of the plaintiff at the time the justice court judgment was rendered,
whether that judgment was by default or rendered after trial.
10 Cyc. 1353.

[3, 4] The specific denial of the corporate existence made by
defendant cast upon the plaintiff the burden of proving that
fact. Cook on Corporations (6th Ed.) § 753; 5 Ency. Pl. &
Pr. 82; 10 Cyc. 1360; 4 Ency. U. S. Sup. Ct. Rep. 768. Has
that burden been met by the plaintiff? It has not, unless there
arises a presumption that, because the plaintiff was a corporation
in February, 1896, it also was in August, 1913.

In Weeks v. Cranmer, 18 S. D. 441, 101 N. W. 32, this
court stated the following rule, in accordance with established
precedent: "When the existence of a condition or thing is ad-
mitted or proved, it is presumed to continue until the contrary
is legally established by a counter presumption or rebutting tes-
timony." Perhaps that statement is somewhat broad, if car-
ried to its last analysis. Referring to that rule the author of
Jones on Evidence, § 58, said: "Although this rule has long
had the sanction of the highest authority, it will be observed
that it is stated in very general terms; and it must have a reason-
able interpretation."

In 16 Cyc. 1052, we find the rule stated with more care and
precision: "Proof of the existence at a particular time of a fact
of a continuous nature gives rise to an inference, within logical
limits, that it exists at a subsequent time."

In Wigmore on Evidence, § 437, the author says: "When
the existence of an object, condition, quality or tendency at a given
time is in issue, the prior existence of it is, in human experience,
some indication of its probable persistence or continuance at a
later period. The degree of probability of this continuance de-
pends on the chances of intervening circumstances having oc-
curred to bring the existence to an end. The possibility of such
circumstances will depend almost entirely on the nature of the
specific thing whose existence is in issue and the particular cir-
cumstances affecting it in the case at hand. * * * So far,
then, as the interval of time is concerned, no fixed rule can
be laid down; the nature of the thing and the circumstances
of the particular case must control."

In Rice on Evidence, p. 666, the author states, "A corporation once existing is presumed to continue;" but there is no citation of authority therefor. In Jones on Evidence, § 58, we find the same assertion in the note, and the case of People v. Manhattan Co., 9 Wend. (N. Y.) 351, on page 379, is cited in support thereof. In that case the court said: "It seems to me to be a satisfactory answer to this argument to say that the corporation, having been shown to have been legally created and organized, is in judgment of law supposed to continue to exist until the contrary is shown." In that case, however, the charter of the corporation provided for its perpetual existence, and the matter arose under the question as to whether it had performed certain things which by its charter should have been performed within a certain period after the charter was granted as a condition for the continued existence of the corporation. Therefore the quotation above given must not be taken too literally in its application to a widely different state of facts.

In the case of a partnership, the courts have with uniformity held that, if it is once shown to have existed, it will be presumed to continue to exist until that presumption is overcome by evidence tending to show a dissolution. Alaska B. & S. D. Co. v. Simmons, 67 Wash. 673, 122 Pac. 319.

[5] In the present case we must take judicial notice that a national bank is chartered for 20 years. While it may, almost as a matter of form, secure a renewal of its charter for a like period, we are clearly of the opinion that, if the period between the rendition of the justice court judgment and the action based thereon had been in excess of 20 years, the presumption of corporate existence would have been annihilated. In other words, we would not presume that the charter had been renewed, and this independent of the fact that an action on the justice court judgment could not be maintained after 20 years.

If we may not presume that a corporation once shown to exist still continues after 17 years, may we do so at the expiration of 16, 15, or 14 years? We certainly would indulge in that presumption after one year or two years; why not after 17 years? Applying the rule laid down in 10 Cyc. 1052, above quoted, to the facts in this case, it is clear that the fact of corporate existence of the plaintiff is of a continuous nature for the pe-

riod of 20 years from the date of incorporation. So far as this case is concerned, February, 1896, is the earliest date of its corporate existence. In the absence of knowledge as to the precise date of the formation of the corporation, it does not seem illogical to presume that the date of its existence, to wit, February, 1896, is about the date of the formation of the corporation.

We think it fair to conclude that a national banking corporation once shown to exist will be presumed to be a corporation during the period of 20 years thereafter, but such presumption will be subject to be overthrown by slighter evidence as the length of time increases after its existence is shown. For this reason we are of the opinion that the court erred in dismissing the action.

[6] In his brief respondent goes outside of the record and states: "The trial court admitted the record of the judgment in the justice court to prove the judgment, but refused to admit it for the purpose of proving corporate existence, and refused to consider it as evidence of the existence of the plaintiff as a corporation." If this were so, why did the court make the finding that the plaintiff was a corporation in 1896? In the same section of Wigmore on Evidence from which we have quoted, we find the following: "That no fixed rule can be prescribed as to the time or the conditions within which a prior or subsequent existence is evidential is sufficiently illustrated by the precedents from which it is impossible (and rightly so) to draw a general rule. * * * The matter should be left entirely to the court's discretion." If the question in this case had arisen upon the ruling above referred to in respondent's brief, or if defendant had produced evidence that plaintiff was a corporation prior to the year 1893, we should have been inclined to have viewed the matter as one particularly within the judicial discretion of the trial court, and, in the absence of a finding that the plaintiff was a corporation in 1896, we should have sustained the judgment of the trial court. But, as before stated, neither the evidence is before us nor the rulings of the court thereon, simply the findings, conclusions, and judgment.

The judgment of the trial court is reversed, and the cause remanded for a new trial.