(No. 19291.
RAY M. COOK, Appellee, *vs.* S. A. FLATT *et al.* Appellants.

*Opinion filed February 21, 1930.*

GEORGE W. DOWELL, (L. A. CRANSTON, of counsel,) for appellants.

EVERETT LEWIS, and W. H. HART, for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellee, Ray M. Cook, as trustee in·bankruptcy of S. A. Flatt, filed his bill in the circuit court of Franklin county against the bankrupt and his wife to set aside, as a fraud upon creditors, a deed executed by the bankrupt to his wife conveying forty acres of land in Franklin county and some lots in Christopher. Upon issue being joined the cause was referred to a master to take the evidence and report his conclusions of law and fact. The master recommended a decree as prayed, exceptions to his report were overruled, a decree was entered as recommended, and an appeal has been prosecuted to this court.

As grounds for reversal it is urged that the evidence does not show that any claims were filed, proven or allowed against the estate of the bankrupt; that no claims could have been proven against the estate at the time or after the bill was filed; that there was no evidence that appellee did not have in his hands sufficient funds to pay the debts; that the transfer was not fraudulent as to creditors; that filing the deed for record was of no importance under the Bankruptcy act, as the four-months' period provided in the statute has reference only to the date of the transfer; and that a valid deed from a debtor to a creditor does not have to be based on a present consideration if the debt for which the transfer is made is a valid one and the transfer is made in good faith.

The evidence shows that on January 6, 1927, Flatt was adjudged a bankrupt upon his voluntary petition. The schedule attached to his petition listed unsecured claims of $4894, real estate of $1700 and personal estate of $745. On January 18, 1927, appellee was appointed trustee, and on April 26, 1927, he filed this bill. On January 6, 1926, Flatt was the owner, free of encumbrance, of this real estate in Franklin county. The evidence of appellee shows that the property was worth from $9000 to $12,000. The evidence of appellants shows that it was worth less. On

January 6, 1926, Flatt made a deed conveying this real estate to his wife. The deed was not filed for record until November 26, 1926, which was forty-one days prior to the filing of the petition in bankruptcy. The deed was for a purported consideration of $5000 and love and affection. Appellants claim that at the time the deed was executed Flatt owed his wife money which he had borrowed from her from time to time to improve his houses and that he made the deed to her in payment of this debt. He claimed that he kept a book account of money received from her, and that from 1914 to 1925 he received $5080 and paid her $410 and sold her a car for $600. Mrs. Flatt testified that she kept an account of the money which she loaned her husband and from 1914 to 1925 it amounted to $5130, on which he had paid $508.12. She testified that she received some of this money from her father's estate, some from her mother and the rest of it from various other sources.

Section 3 of chapter 3 of the Bankruptcy act provides that acts of bankruptcy by a person shall consist of his having conveyed or transferred any part of his property with intent to hinder, delay or defraud his creditors or any of them, or of his transfer, while insolvent, of any portion of his property to one or more of his creditors with intent to prefer such creditors over other creditors. Section 60 of chapter 6 provides that a person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before adjudication, procured or suffered a judgment to be entered against himself in favor of any person or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of the creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists of a transfer, such period of four months shall not expire until four months after the date of the recording or regis-

tering of the transfer, if by law such recording or registering is required or permitted. Section 70 of chapter 7 provides that a trustee may avoid any transfer which any creditor of such bankrupt might have avoided and recover the property so transferred or its value.

Section 30 of our Conveyance act provides that all deeds, mortgages and other instruments of writing which are authorized to be recorded shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors or subsequent purchasers without notice, and all such deeds and title papers shall be adjudged void as to all such creditors or subsequent purchasers without notice until the same shall be filed for record. Where a wife loans money to her husband she becomes a mere creditor of the husband, and if he invests the money borrowed in real estate and takes the title in his own name no resulting trust arises therefrom in her favor. (*Stewart* v. *Fellows,* 128 Ill. 480; *Frank* v. *King,* 121 id. 250.) A deed from a husband to a wife executed a few months before bankruptcy may be set aside at the suit of the trustee in bankruptcy as being a fraud upon creditors where it does not satisfactorily appear from the evidence that the transfer was regular, in good faith or based on a valuable consideration. *McKey* v. *Emanuel,* 263 Ill. 276.

Appellants had been married about seventeen years. During twelve years of that time the husband had been borrowing money from the wife. He gave her no security for or evidence of such loans. She testified that she knew during this time that he was not successful in his business. The debts which he scheduled in bankruptcy were due to two banks on notes which had been renewed many times. The wife claims she did not know of the existence of these debts at the time the deed was made to her. In the light of all of the evidence we do not think this claim is sustained by the evidence. No consideration was paid at the time the deed was executed or recorded. The nature of the

conveyance indicates an intention to favor the claim of the wife and defeat other creditors. The failure to file the deed for record until ten months after its execution is evidence of such an intent. Appellants claim that their failure to record the deed was due to their negligence, but we do not think this is true. Appellants claim that after the deed was executed the wife was in possession of the premises conveyed and that this possession was equivalent to the recording of the deed. This contention is not sustained by the evidence. There is no evidence as to who was in possession either before or after the deed was executed or that there was any change in possession sufficient to constitute notice to creditors. After the deed was executed to the wife the house was insured in the name of the husband and so remained for several months. The fact that the consideration named in the deed was much less than the weight of the evidence shows the property was worth is evidence of a fraudulent intent to defraud creditors. (*Bartel* v. *Zimmerman*, 293 Ill. 154.) The petition in bankruptcy stated the amount of assets and liabilities. The bill contains similar recitals. Flatt testified on the hearing before the master as to the amount of his debts. The notes evidencing the debts were admitted in evidence. No claim was made in the trial court that the claims were not filed or allowed or that there were funds with which to pay them, and those questions can not be raised for the first time in this court. The deed was filed for record within four months of the adjudication in bankruptcy. Under the Bankruptcy act it was void as to creditors, and the decree properly so held.

We find no reversible error, and the decree is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Decree affirmed.*