Joseph Bros. Lumber Company, Appellant, v. Samuel Wolberg, Appellee.

Gen. No. 34,153.

124

Heard in the third division of this court for the first district at the February term, 1930. FRIEND, J., not participating. Opinion filed October 29, 1930.

ROBERT L. HUTTNER, for appellant.

I. E. KORN, for appellee; CLYDE C. FISHER, of counsel.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

Plaintiff, Joseph Bros. Lumber Co., a corporation, brought suit against the defendant, Samuel Wolberg, on the following promissory note:

"8,283.36/100        Nov. 21st, 1927.

"Ninety day after date I promise to pay to the order of MORRIS JOSEPH, eight thousand two hundred eighty three 36/100 Dollars at office of Joseph Bros. Lumber Co. Value received, with interest at 6 per cent per annum.

"(Signed) Samuel Wolberg."

The note bore the following indorsement:

"Pay to the Joseph Bros. Lumber Co.
    Morris Joseph,
      By Harry M. Fisher,
        Attorney-in-Fact,
          Joseph Bros. Lumber Co."

Defendant's second amended affidavit of merits admitted the execution of the note, but denied the authority of Fisher to indorse or transfer said note on behalf of the defendant. Said affidavit of merits contained additional defenses, but the trial court directed the jury to find the issues against the plaintiff and based its ruling upon the ground that the power of attorney did not authorize Fisher to indorse and deliver the note. The power of attorney in question was dated August 15, 1927, executed by Morris Joseph and his

wife, Kate, appointing Harry M. Fisher their attorney to grant, bargain or sell any real estate of which they were then possessed and to sign deeds and execute, acknowledge or deliver contracts for the sale of such property and to sign and deliver trust deeds with or without covenants and to release dower and homestead rights. Also to sign, execute and deliver notes, bonds and guarantees and other evidence of indebtedness and confirming all such acts on behalf of their attorney touching or concerning such premises.

From a reading of the power of attorney it appears to be limited solely to the right to convey, mortgage, transfer and dispose of the real estate or any part of such as was possessed by the said Joseph and his wife, on the date of the instrument in question. The other provisions contained in said power of attorney appear to be those necessary to carry out this power granted their attorney in fact.

The note upon which this action is brought had no relation to any real estate owned by Joseph or his wife, but was executed during the course of a business dealing between Joseph, Wolberg and the plaintiff, and, according to our reading of the power of attorney, foreign to its purport and intent. It was not signed, executed nor delivered by reason of any transaction in which Fisher, the attorney in fact, was concerned, nor was it given to carry out any contracts concerning conveyances of real estate.

From the statement of claim it appears that the action is based upon the fact that the note was executed by the defendant, Wolberg, to the order of Morris Joseph and by him indorsed by his duly authorized agent. From this statement, it is apparent that the plaintiff relies upon the indorsement for the purpose of showing title in itself. Under the pleadings it became necessary for the plaintiff to allege and prove the indorsement. If plaintiff did not rely upon the in-

dorsement it would have been necessary to set forth in the statement of claim the circumstances under which it was received. This rule is not in conflict with *Pfeil v. Loeb,* 255 Ill. App. 484, cited by counsel for plaintiff. If the power of attorney, under which the indorsement was signed, was not sufficiently broad to authorize the indorsement, then the plaintiff's claim must fall. A power of attorney should be construed so as to limit the power to the clear and obvious intent of the agency therein created. *Horne v. Ingraham,* 125 Ill. 198.

From the facts involved in this proceeding, we are of the opinion that Fisher, as attorney in fact, derived no authority from the power of attorney to indorse or deliver the note upon which this suit is predicated.

For the reasons stated in this opinion, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

HEBEL, J., concurs.

FRIEND, J., not participating.