Liesette McHarry et al., Appellants, v. Eliza Ada Bowman et al., Appellees.

Gen. No. 8,803.

October term, 1933.  Heard in this court at the Opinion filed April 11, 1934.

BUSCH & HARRINGTON, for appellants; C. E. TATE, of counsel.

HARRY E. KERKER, H. LEONARD JONES and DON D. RICHMOND, guardian *ad litem,* for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

This is an appeal from a decree dismissing a bill to foreclose a mortgage or trust deed for want of equity. Chester E. Bowman and Eliza Ada Bowman, his wife, were the owners as tenants in common and in possession of the premises in controversy by virtue of a deed dated December 31, 1907. The trust deed was executed on March 1, 1926, by Chester E. Bowman in his own behalf and as attorney in fact for Eliza Ada Bowman to John C. Somers, trustee, securing five notes aggregating the sum of $7,500. Both the trust deed and notes were signed as follows:

> "Chester E. Bowman    (Seal)
> Eliza Ada Bowman    (Seal)
> By Chester E. Bowman, her
> Attorney-in-fact."

The trust deed was recorded March 30, 1926, and purported to convey the real estate which had been the homestead of the Bowmans since January, 1907. On September 28, 1925, a power of attorney was made by Eliza Ada Bowman, giving certain authority to her husband, Chester E. Bowman. The power of attorney was filed for record in the recorder's office on March 9, 1926. On March 7, 1928, a deed was filed for record, the deed being dated February 5, 1926. The instrument was executed by Chester E. Bowman and

conveyed his interest in the disputed real estate to his wife, Eliza Ada Bowman.

The notes secured by the trust deed were made payable to an employee of the Commercial Bank in Champaign, Illinois, but they were sold by the bank to its customers, who are the complainants in this suit. On March 1, 1929, Chester E. Bowman executed an extension agreement and signed the same individually and as attorney in fact for Eliza Ada Bowman. On February 8, 1930, Eliza Ada Bowman was adjudged a distracted and feeble minded person by the county court and Emma Dull was her conservator at the time of the filing of the bill to foreclose the mortgage.

During April, 1930, Chester E. Bowman died and his wife continued to occupy the said real estate as a homestead. Foreclosure proceedings were instituted on said trust deed after the death of Chester E. Bowman. A guardian *ad litem* was appointed for Eliza Ada Bowman and both he and the conservator filed answers contesting the foreclosure of the trust deed. H. L. Jones answered on behalf of himself, being the owner of a judgment entered against Eliza Ada Bowman on March 26, 1930.

The complainants contend that Chester E. Bowman had full power and authority under the written power of attorney, dated September 29, 1925, to execute the said notes, trust deed and extension agreements. The power of attorney was acknowledged before L. F. Wingard, a notary public, and purports to appoint "Chester E. Bowman, her husband," her true and lawful attorney, for her and in her name, place and stead, "to sign any legal document with my name where such signature may be required from me as the wife of the aforesaid Chester E. Bowman."

The case was referred to the master in chancery who found the power of attorney sufficient to authorize Chester E. Bowman to borrow money, sign notes and

execute a mortgage to secure the same, and that Eliza Ada Bowman was estopped to deny her husband's authority. Exceptions to the master's report were argued and sustained by the circuit court.

Before decree was entered the complainants presented to the court an amended bill, which they maintained was proper to conform to the proof, but the court refused to permit the filing of the same.

At the time the notes were executed Chester E. Bowman was largely indebted to the bank but Eliza Ada Bowman was not. The proceeds of the loan were paid to Mr. Bowman or applied upon his indebtedness. There is considerable testimony tending to show that Mrs. Bowman knew of her husband's obligations at the bank, that it would be necessary for them to borrow more money to help out their son who was in difficulties, and that it might be necessary for them to mortgage their home, but there is no proof of her actual knowledge of the transaction in question. Appellants must therefore rely upon the authority contained in the written power of attorney in order to bind the interest of Eliza Ada Bowman under the trust deed. It is our judgment that the terms set forth in the power of attorney are too general, vague and uncertain to authorize Chester E. Bowman to contract debts, borrow money, execute notes and a trust deed conveying interest in real estate belonging to his wife. A power of attorney should be construed so as to limit the power to the clear and obvious intent of the agency therein created. *Joseph Bros. Lumber Co. v. Wolberg,* 259 Ill. App. 123. The circuit court was correct in holding that the interest of Eliza Ada Bowman could not be sold in a suit to foreclose the trust deed in question.

It is further urged by the appellants that the court erred in refusing them permission to file an amended bill just before the entry of the decree. In this case the proofs had long been closed, a report had been

filed by the master, exceptions had been argued and taken under advisement for some time by the court before a decision was rendered, and it was no abuse of discretion by the chancellor to refuse to allow an amended bill to be filed just before the entry of a decree.

Appellants also complain that it was error for the court to refuse foreclosure on the interest of Chester E. Bowman, and we believe the record affords ample proof to sustain this contention. Bowman and his wife had lived in the premises as a homestead continuously since 1907 and were the record owners of the property as tenants in common. The deed from Bowman to his wife was dated February 5, 1926, but was not recorded until March 7, 1928. The trust deed was dated March 1, 1926, and was recorded March 30, 1926. Under section 30 of the Conveyances Act, Cahill's St. ch. 30, ¶ 31, it is expressly provided that deeds, mortgages and other instruments in writing shall take effect and be in force from and after the time of filing of the same for record and not before as to all creditors or subsequent purchasers without notice, and all such deeds and title papers shall be adjudged void as to all such creditors or subsequent purchasers without notice until the same shall be filed for record.

Appellees assert that there are facts proven which should have put the bank on inquiry as to the title of Mrs. Bowman, because she was in possession of the premises. However, the testimony conclusively shows that the husband and wife had been continuously in possession for many years and there had been no change in this possession either before or subsequent to the execution of the deed in question. To hold under such circumstances that the possession of a wife was notice to the world of her complete title to the real estate would make it entirely possible for husband and wife to defeat many mortgages and trust deeds by

presenting unrecorded transfers between themselves at the time of foreclosure as against bona fide loans made on the strength of the title as shown by properly recorded instruments of title. In the case of *Union Bank of Chicago v. Gallup,* 317 Ill. 184, the court said, "Where the record owner of property is in possession and a second party is likewise in possession, the possession of the latter is not notice to purchasers or judgment creditors of rights which he may claim in the premises but his possession, in order to be such notice, must be exclusive and unequivocal," and in *Cook v. Flatt,* 338 Ill. 428, the court used similar language, "Appellants claim that after the deed was executed the wife was in possession of the premises conveyed and that this possession was equivalent to the recording of the deed. This contention is not sustained by the evidence. There is no evidence as to who was in possession either before or after the deed was executed, or that there was any change in possession sufficient to constitute notice to creditors."

Possession of property usually constitutes notice, but the possession must be open, visible and exclusive. *Robertson v. Wheeler,* 162 Ill. 566. Other jurisdictions have held that where the record shows a husband and wife to own land as tenants in common, possession by the wife along with the husband, as one family, is not of itself notice to a bona fide purchaser from the husband of any claim on the part of the wife to sole ownership. *Schumacher v. Truman,* 134 Cal. 430, 66 Pac. 591; *Farmers' & Merchants' Nat. Bank v. Wallace,* 45 Ohio St. 152, 12 N. E. 439.

For the reasons above expressed the decree of the circuit court is reversed and the cause is remanded with directions to the chancellor to enter a decree of foreclosure upon the interest of Chester E. Bowman in the premises covered by the trust deed.

*Reversed and remanded with directions.*